### BLACK v. BLACK.

(Circuit Court, E. D. Pennsylvania. February 2, 1893.)

#### No. 191.

WRIT OF ERROR—BOND—CORPORATION AS SURETY.

A corporation will not be accepted as surety on a writ of error to the United States supreme court when there is fair ground to question whether power to bind itself by such a contract is conferred by the acts under which it is incorporated.

At Law. Action by Mary K. L. Black, against Mary M. Black, administratrix of the estate of Edgar N. Black, deceased. Heard on application for the approval of the surety on a writ of error. Denied.

Francis Tracey Tobin, for application.

Richard C. McMurtrie, against application.

DALLAS, Circuit Judge. The defendant has in this case offered the Solicitors' Loan & Trust Company, or, as it is named in the letters patent of the governor of the state of Pennsylvania, the "Solicitors' Company," as surety upon writ of error to the supreme court of the United States. The defendant has filed three exceptions to the corporation so offered as surety, which amount, in substance, to an averment that said corporation is without authority to become such surety. Counsel for the respective parties have been fully heard, and the court has also had the benefit of an able presentation of the views of the counsel for the corporation in question, in support of its asserted power and authority to become surety on a bond such as is now under consideration. The power and authority asserted are claimed to be derived from and granted by an act of the general assembly of the state of Pennsylvania entitled "An act to provide for the incorporation and regulation of certain corporations," approved April 29, 1874, and the supplements thereto, under which this corporation was created; and also from and by a certain other statute of the same state, entitled "An act supplementary to" the act before mentioned, etc., approved the 9th day of May, 1889, (P. L. 159.)

For the plaintiff it is contended—First, that the power and authority in question are clearly not conferred by the act of 1874; and, second, that, though it is admitted that the act of 1889 does in terms give "the power and right" "to become security upon any writ of error or appeal, or in any proceeding instituted in any court of this commonwealth in which security may be required," the last-mentioned act cannot avail to entitle this corporation to be approved as surety in this case, because it has not been, in any manner or form whatever, accepted by the stockholders of the corporation. Exceptions to the sufficiency of a corporation tendered as surety may be founded upon either or both of two distinct grounds,—that it is not of pecuniary responsibility such as to warrant its approval, or that it is not possessed of lawful power to bind itself in the manner proposed. The first ground is not asserted, but in fact is wholly disclaimed. It therefore need not be, and is not, considered. The only question raised and to be passed upon is that which relates to the ground second above mentioned; and I may say, in passing, that in determining it no other matters, such as whether the writ of error, even upon approval of security, would or would not operate as a supersedeas, although discussed at bar, will be to any extent considered.

An affidavit of the secretary of the Solicitors' Loan & Trust Company has been submitted, and will be filed herewith, from which it appears that said company is accepted as surety in several of the courts of the state of Pennsylvania, and the records of this court disclose that it has been twice accepted here. It does not appear, however, that the point now made has ever been determined by, or even suggested to, any Pennsylvania court, and it is plain beyond question

that it has never, until now, been brought to the attention of this court. In the instance mentioned in the affidavit of the secretary the bond was filed in the clerk's office without even formal action by the court or any judge thereof. In the other case (Earnshaw v. McHose, Oct. Sess. 1890, No. 63) the written memorandum of counsel for the opposing party was indorsed upon the bond, "Security satisfactory," and this memorandum was signed by said counsel. Thereupon the security (on error) was formally "approved" by a judge of the court, but, manifestly, solely with reference to the prior approval of counsel, and cannot, therefore, be considered as a precedent.

I am compelled, accordingly, to view this question as one of first impression, so far as this court is concerned; but I cannot disregard the fact that probably, and as stated by counsel, many such bonds have been approved by other tribunals, and, at least in one instance, by this court, and are now outstanding. The effect of a positive decision adverse to the right claimed might be to unsettle, or to raise a doubt with respect to, other transactions, the parties to which are not before the court. I therefore decline to pronounce judgment as to the existence or nonexistence of the power of this company to become surety as proposed. It is not, I think, necessary that I should do so. The present application may be disposed of, and rightly, as I think, without the determination of that matter. If the objection to the proposed surety were based—as it is not—upon an averment of its financial irresponsibility, it might be rejected without deciding that it is, or is likely to become, insolvent; a reasonable doubt of its sufficiency to adequately secure the plaintiff would be enough. So, here, I need only say that the plaintiff has satisfied me that there is fair ground for questioning the power of this company to bind itself as proposed, and that I think a bondsman should be tendered, where demanded, as to whom no such question can reasonably be suggested. I have not overlooked the facts that the act of 1889 contains a provision for certification of its acceptance by the directors of the company, and that this certification was made; but in my opinion the question to which I have referred is not removed by these facts. A question—a substantial question—still remains; and that, as I have said, requires the withholding of my approval. There is, too, at least room to doubt whether the power conferred, in terms, by the act of 1889, "to become security upon any writ of error or appeal," extends to cases in this court. The language, "any court of this commonwealth," may be understood to restrict the power to cases in the courts of Pennsylvania. This subject, however, was not discussed by counsel, and I express no opinion with respect to it. The motion to approve surety is denied.