# Carlisle Shoe Co., Impleaded, etc., v. Harry V. Bailey, Coroner, etc., for Use of, etc.

1. BONDS—*Execution of, by Agent—Descriptio Personae.*—A person signed a replevin bond in his individual capacity; in the body of the bond his name appeared as "agent for and acting on behalf of the Carlisle Shoe Company (incorporated) as principal;" in an action on the bond by the defendant in the replevin suit, *it was held* that the bond was not the obligation of the Shoe Company, but that of the person signing it, and that the words "agent for and acting on behalf of the Carlisle Shoe Company" were a *descriptio personae* and surplusage.

Debt, on a replevin bond. Appeal from the Circuit Court of Tazewell County; the Hon. NATHANIEL W. GREEN, Judge, presiding. Heard in

this court at the May term, 1896. Reversed and remanded. Opinion filed December 19, 1896.

WM. S. KELLOGG, attorney for appellant.

T. N. GREEN, attorney for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Debt on a replevin bond taken by the coroner, against the shoe company (incorporated) and the Farmers National Bank of Pekin, alleging breaches by the company in failing to prosecute its suit with effect, and to make return of the property replevied. Among others, were filed pleas of *non est factum*, *nul tiel record*, and that the replevin suit was dismissed by the plaintiff therein without a trial or any determination of the merits, and that the goods replevied were the property of said plaintiff. The verdict was for the plaintiff in this action for $1,609.60 debt, and $596.31 damages. A new trial was denied, and judgment rendered upon the verdict. Defendant, the shoe company, appealed.

The bond was declared on as the writing obligatory of the defendants, and the one offered in evidence was as follows:

"Know all men by these presents, that we, N. C. Brouer, agent for and acting on behalf of Carlisle Shoe Company (incorporated), as principal, and Farmers National Bank, of Pekin, Illinois, a corporation, as surety, are firmly bound unto Harry V. Bailey, coroner of Tazewell county, in the State of Illinois, and to his successors in office, executors, administrators and assigns, in the penal sum of $1,609.61, lawful money of the United States; for the payment of which sum we do hereby jointly and severally bind ourselves, our heirs, executors and administrators." Then follows a recital of the institution of a replevin suit by the shoe company against the sheriff of Tazewell county for the recovery of the goods described, and the conditions of the obligation, all in the usual form; and its conclusion is as follows:

"Witness our hands and seals, this fifteenth day of September, A. D. 1894.

Signed, sealed and delivered in the presence of

N. C. Brouer,                              [L. S.]

Farmers National Bank,             [L. S.]

By C. H. Turner, Cashier."

It was objected to as variant from the one declared on, and not the bond of the shoe company; but the objection was overruled, and the instrument admitted and read to the jury; to which ruling exception was taken.

The goods in controversy having been sold and delivered by the company to Wm. H. Stetson, were seized by the sheriff as the property of Stetson, under an execution against him in favor of Selz, Schwab & Co., and replevied by the vendor on a claim of fraud on the part of his vendee in the purchase. The mass of the evidence offered and instructions asked on the trial had reference to the alleged fraud. In view of further proceedings, we deem it unnecessary, if not improper, to say more than that we perceive no material error of the court on that branch of the case.

But we hold that the bond offered should not have been admitted over the objection interposed. It did not on its face purport to be the bond of appellant, but of "some one else on its behalf," as was expressly authorized by the statute. Rev. Stat., Ch. 119, Sec. 10. N. C. Brouer was, in its body, declared to be the principal obligor, and executed it not in a representative character, but in his own name, as on his own responsibility. Doubtless he was, in fact, the agent of the company to look after its claim for it, but it would not follow from that, nor was it otherwise shown, that he was authorized or undertook to bind it by an instrument under seal. Had he attempted or intended so to do, he should, and presumably would, have signed it in the name of the company, as Turner signed that of the bank. The words " agent for and acting on behalf of Carlisle Shoe Company," were a *descriptio personæ*, and surplusage. Powers v. Briggs, 79 Ill. 493, and cases cited.

Nor is appellant bound by ratification of Brouer's act,

though it may have received the benefit of it, because it was not done in the name of appellant, but in his own. Mr. Turner, called as a witness for appellee, testified that he also signed it "for and on behalf of the Carlisle Shoe Company, but it would not be claimed that the company is liable to appellee on that act of the bank, by ratification of it.

Nor can it be urged that this view would work any injury to appellee or the party for whose use this action was brought. Such a position assumes, without proof, that Brouer's bond is not as good security as would be that of the shoe company. And if it is not, the company is in no way responsible for the fact. Appellee took Brouer's bond, and must look to him for satisfaction, so far as the bond is concerned.

For error in admitting the bond in evidence against appellant, the judgment will be reversed and the cause remanded.