## THE BEST BREWING COMPANY

*v.*

### KUNIGUNDA KLASSEN.

*Opinion filed April 17, 1900.*

1. CORPORATIONS—*corporation can only exercise express or implied powers.* A corporation can do only those acts which are within the scope of its charter, and if an act is not originally within the express or necessarily implied powers of the corporation it is void, and no subsequent act can make it valid by way of estoppel.

2. SAME—*brewing company has no express or implied power to become surety on bonds of third parties.* A corporation organized to manufacture and sell beer, ale and porter and carry on a general brewing business, has no implied or express power to become surety on an appeal bond in a forcible detainer suit between third parties, where it is not shown that such act was reasonably necessary to accomplish the end for which the corporation was formed.

3. APPEALS AND ERRORS—*to make Appellate Court's judgment conclusive of facts there must be evidence tending to prove them.* Whether there is any evidence tending to establish that the execution of an appeal bond by a corporation was reasonably necessary to accomplish its corporate purpose is open to review in the Supreme Court as a question of law, under the trial court's refusal to instruct for the defendant in a suit on the bond, even though the Appellate Court has affirmed.

*Best Brewing Co.* v. *Klassen,* 85 Ill. App. 464, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

BLUM & BLUM, for appellant.

F. L. SALISBURY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action of debt upon an appeal bond. In a forcible entry and detainer proceeding before a police magistrate, in the city of Chicago, appellee, as plaintiff, recovered a judgment against Ruel G. Rounds for restitution of certain property. Rounds appealed to the county court of Cook county, filing an appeal bond as required by the statute. This bond was for $2000, conditioned as provided by statute in such cases, and was signed by Rounds and appellant as his surety, the latter's execution of it being as follows:

"THE BEST BREWING COMPANY OF CHICAGO, (Seal.)
        By CHARLES HASTERLIK, *its President.*   (Seal.)"

In the county court judgment was again rendered for the plaintiff. Upon the failure of Rounds or the brewing company to comply with the terms of that judgment, this proceeding was commenced in the circuit court of Cook county to recover on the appeal bond. In defense to the action, the brewing company, by its pleadings, denied that the bond was its deed; alleged that the making of the same, as to it, was unauthorized, and that such act was not within the power of the corporation. Issues were joined and a trial had by jury. At the close of plaintiff's evidence, and again at the close of all the evidence, a motion was made to instruct the jury to find for the brewing company, but these motions were overruled. The court then took the case from the jury by instructing it to render a verdict for the plaintiff, Klassen, for $1321.50. This being done, judgment for that sum was duly entered, and appellant appealed to the Appellate Court for the First District, where the judgment below was affirmed, and it now brings the case here upon further appeal.

The chief error insisted upon by appellant is, that the circuit court held the bond sued on to be its act and deed, the contention being, that the powers of the company, as a corporation, are limited by its charter to those which are express or implied; that its express powers are to "manufacture and sell beer, ale and porter and carry on a general brewing business in all its branches;" that the implied powers it possesses are only those which may be implied as necessary to carry into effect one or more of those expressed, and that the signing of this appeal bond comes under neither of these heads, but was an act *ultra vires,* and therefore not binding upon the corporation. Appellee insists, first, that the act was within the corporate power of appellant; or, second, although in excess of its corporate power, yet, having made the bond and enjoyed certain benefits arising therefrom, it is now estopped to make the defense of *ultra vires.*

The general rule is that a corporation can do only those acts which are within the scope of its charter, and if the signing of the bond in question as surety was an act not originally within the express or necessarily implied powers of the corporation it is void, and no subsequent act could make it valid by way of estoppel. It was so held in *National Home Building Ass. v. Home Savings Bank,* 181 Ill. 35, where the decisions of this court are reviewed, and we there said (p. 44): "If there is no power to make the contract there can be no power to ratify it, and it would seem clear that the opposite party could not take away the incapacity and give the contract vitality by doing something under it. It would be contradictory to say that a contract is void for an absolute want of power to make it, and yet it may become legal and valid as a contract by way of estoppel through some other act of the party under such incapacity, or some act of the other party chargeable by law with notice of the want of power." In that case it is also said: "The cases in this court where the corporation has been held to be estopped have been

where the act complained of was within the general scope of the corporate powers." In the case of *Heims Brewing Co. v. Flannery*, 137 Ill. 309, relied upon by appellee, the defense of *ultra vires* was invoked, and it was held the corporation was estopped to make that defense, inasmuch as it had enjoyed the benefit of the act; but there the act in question (which was the leasing of a building in which to conduct a saloon) was within the express power of the corporation.

We think the primary question here is not whether appellant has reaped a benefit from the act of becoming surety for Rounds upon the bond, but whether the act of signing it was within the scope of its corporate authority. The purpose of the corporation, as expressed in its charter, is to manufacture and sell ale, beer and porter and carry on a general brewing business. It would seem no acts could be more unlike than the doing of those authorized by the charter of the company and the signing of appeal bonds as surety. The instrument was executed in a suit not by or against the corporation, but by a third person against another to recover possession of a house. *Prima facie* the signing by the company of an appeal bond in such a suit was an act beyond the purpose for which it was organized, and consequently illegal. If it had been shown that it was executed clearly for the purpose of promoting or protecting its own business of brewing or selling beer, etc.,—that is to say, if the act had been reasonably necessary to accomplish the end for which the corporation was formed,—it would have been within the scope of the corporate power. But it cannot be held that every act in furtherance of the interests of a corporation is *inter vires*. Many acts can be suggested which, though beneficial to the business of a corporation, are too remote from its general purposes to be deemed reasonably within its implied powers. What is and what is not too remote must be determined according to the facts of each case. The rule has been stated to be: In exercising powers

conferred by its charter, a corporation "may adopt any proper and convenient means tending directly to their accomplishment, and not amounting to the transaction of a separate, unauthorized business." *Clark* v. *Farrington,* 11 Wis. 340.

In the case of *Lucas* v. *White Line Transfer Co.* 70 Iowa, 541, (59 Am. Rep. 454,) where a corporation chartered for the purpose of doing a "general freight and transfer business and such other business as may not be inconsistent therewith," was sued upon a bond executed by it as surety with another corporation, the Supreme Court of that State said: "The plaintiff seeks to recover contribution from the corporation as co-surety on the bond of the brewing company, and claims (1) that the contract of suretyship was within the defendant's corporate powers; and (2) that if it were not within the defendant's corporate powers, it has so acted on the contract as to now estop it from pleading *ultra vires.* * * * Whatever meaning may be attached to the language of the articles, it is quite certain it cannot include the contract of suretyship in question. The simple act of going security for another is out of the line of the prosecution of any business. It is a mere accommodation, and it cannot be assumed that the articles gave the officers of defendant any power to jeopardize its capital in any such venture." Quoting from other authorities, it is there further said: "It is no part of the ordinary business of commercial corporations, and, *a fortiori,* still less so of non-commercial corporations, to become surety for others. Under ordinary circumstances, without positive authority in this behalf in the grant of corporate power, all engagements of this description are *ultra vires,* whether in the indirect form of going on accommodation bills or otherwise becoming liable for the debts of others.—Green's Brice's Ultra Vires, 252; *Madison Plankroad Co.* v. *Watertown Plankroad Co.* 7 Wis. 59." These authorities are clearly in point here, and lead to the conclusion that the act of appellant in

signing this bond, instead of being the exercise of a delegated authority, was an attempt to execute powers not conferred upon it, either expressly or by implication.

In reaching this conclusion we have not overlooked the contention of appellee that the execution of the bond by appellant was in furtherance of its business, and that this fact has been found adversely to appellant by the Appellate Court and is therefore not open to review here. This, position is based upon the assumption that Rounds was, at the time of the suit against him for possession of the premises, engaged in selling beer in the house and that appellant was furnishing him the beer; that the bond was executed on the part of the brewing company in order to enable him to retain possession of the property and continue his business therein and to make further purchases from the company. If all this were true, the benefits to accrue to the corporation would certainly be of the most precarious and remote character. But we have searched the record in vain for evidence tending to support the assumption. The testimony wholly fails to prove, nor does it fairly tend to prove, that Rounds was engaged in any occupation calculated to promote the business of appellant, or that the business of the corporation was promoted or benefited, in any degree, by reason of the execution of the bond. Treating these as questions of fact material to the decision of the case, they are open to review in this court as a question of law, under the assignment of errors questioning the ruling of the trial court in refusing the motion of defendant for a peremptory instruction to find for it, made at the close of all the evidence.

Plaintiff below wholly failed to make out a cause of action against this appellant, and the circuit court improperly refused to instruct the jury to return a verdict in its favor. The judgment of the Appellate Court will accordingly be reversed.          *Judgment reversed.*