## Harry V. Bailey, Coroner, etc., for the use of, etc., v. Farmers National Bank.

1. CORPORATIONS—*Exercise of Express and Implied Powers.*—The character of a corporation, read in the light of general laws which are applicable to it, is the measure of its powers, and the enumeration of those powers implies the exclusion of all others not fairly incidental. All contracts made by a corporation beyond the scope of those powers are unlawful and void, and no action can be maintained upon them in the courts.

2. NATIONAL BANKS—*Derive Their Powers from the Federal Statutes.*—The United States statutes relative to national banks, constitute the authority of such banks, and they can not rightfully exercise any powers except those expressly granted or which are incidental to carrying on the business for which they are established.

3. SAME—*No Power to Become Surety upon a Replevin Bond.*—The execution of a bond by a national bank as surety in a replevin suit is beyond its powers and void.

Debt, on a replevin bond. Error to the Circuit Court of Tazewell County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

T. N. GREEN, attorney for plaintiff in error.

Bailey v. Farmers National Bank.

WILLIAM S. KELLOGG, attorney for defendant in error.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

Plaintiff in error, Harry V. Bailey, coroner of Tazewell county, Illinois, sued the Carlisle Shoe Co., and defendant in error, the Farmers National Bank of Pekin, Illinois, in the Circuit Court of said county, in an action of debt upon the following bond:

"KNOW ALL MEN BY THESE PRESENTS, That we, N. C. Brouer, agent for and acting on behalf of Carlisle Shoe Co., incorporated, as principal, and Farmers National Bank of Pekin, Illinois, a corporation, are firmly bound unto Harry V. Bailey, coroner, as surety, of Tazewell county, in the State of Illinois, and to his successors in office, executors, administrators and assigns, in the penal sum of sixteen hundred and nine and sixty-one hundredths dollars, lawful money of the United States, for the payment of which sum we do hereby jointly and severally bind ourselves, our heirs, executors and administrators.

THE CONDITION OF THIS OBLIGATION IS SUCH, That whereas, on the fifteenth day of September in the year of our Lord one thousand eight hundred and ninety-four, the said Carlisle Shoe Company, incorporated under the laws of the State of Pennsylvania, sued a writ of replevin out of the Circuit Court of the County of Tazewell, against J. C. Friederich, sheriff of Tazewell county, Illinois, defendant, for the recovery of the following described goods and chattels, property, to wit:

(Then follows a description of the stock of shoes.)

Now, if the said Carlisle Shoe Company, incorporated as aforesaid, plaintiff, shall prosecute its suit to effect and without delay, and make return of said property, if return thereof shall be awarded, and save and keep harmless the said coroner in replevying the said property, and, moreover, shall pay all costs and damages occasioned by wrongfully suing out said writ of replevin, then the obligation to be void; otherwise to remain in full force and effect.

Witness our hands and seals, this fifteenth day of September, A. D. 1894.

Signed, sealed and delivered in presence of

                    N. C. BROUER,              [L. S.]
                    FARMERS NATIONAL BANK,
                    By C. H. Turner, Cashier.   [L. S.]"

Plaintiff in error recovered a judgment in the Circuit Court for the amount of the penalty of the bond and $596.31 damages, which, upon appeal to this court, was reversed and the cause remanded for reasons stated in the opinion reported in 69 Ill. App. 349.

After the cause had been remanded and reinstated in the Circuit Court, on motion of plaintiff in error, the suit was dismissed as to the Carlisle Shoe Co., and defendant in error, by leave of court, filed what is called " defendant's second additional plea," which is as follows:

" And by like leave of the court, for further plea in this behalf the Farmers National Bank of Pekin, Illinois, says *actio non*, because, it says, that this defendant is, and at the date of the execution of said supposed writing obligatory in plaintiff's declaration mentioned was, duly organized and incorporated as a national bank, under the laws of the United States of America, for the purpose of transacting and carrying on a banking business under said laws passed and in force June 3, 1864, and the laws amendatory thereof, and that this defendant at the time of the execution of said supposed writing obligatory in plaintiff's declaration mentioned, was not empowered nor authorized by law to execute said supposed writing obligatory, and that the execution of said writing obligatory was and is beyond the power of this defendant given it by law, and that the same is, as to this defendant, null and void, and this the defendant is ready to verify; wherefore this defendant prays judgment, etc."

To which plaintiff in error interposed two replications as follows:

" 1.  And for replication to the second plea of the said defendant, the Farmers National Bank of Pekin, Illinois, said plaintiff says *precludi non*, because, he says, that at the time of the execution of said writing obligatory in plaintiff's declaration mentioned it is not true, as in said plea alleged, that the said defendant, the Farmers National Bank of Pekin, Illinois, was not empowered or authorized by law to execute said written obligation in plaintiff's declaration mentioned as surety, as in said plea is averred, and of this the said plaintiff puts himself upon the country."

" 2.  And for replication to the second amended plea of the said defendant, herein pleaded for the Farmers National

Bank of Pekin, Illinois, plaintiff says *precludi non*, because he says that the said defendant, the Farmers National Bank of Pekin, Illinois, through its authorized officer, the cashier of the said Farmers National Bank, duly executed the bond sued on in this case as a surety for the said Carlisle Shoe Co., which bond so executed was by and on behalf of said Farmers National Bank of Pekin, Illinois, as surety, delivered to and accepted by the said plaintiff, H. V. Bailey, coroner of said Tazewell county, as a good and sufficient bond, by reason of the said Farmers National Bank of Pekin, Illinois, having executed the same as surety for the said Carlisle Shoe Co., as aforesaid, and not otherwise, and by virtue of the said bond so executed and delivered by the said Farmers National Bank of Pekin, Illinois, as aforesaid, and not otherwise, the goods and property by the said writ of replevin issued at the instance of the said Carlisle Shoe Company for the possession of the said goods and property in the said writ of replevin described, the goods and property therein described were by the said plaintiff, H. V. Bailey, coroner of said Tazewell county, taken and delivered to the said Carlisle Shoe Co.; and plaintiffs further aver the said defendant, the Farmers National Bank of Pekin, Illinois, thus became and is liable in law upon the said bond so delivered by it as surety and accepted by the said coroner, all of which plaintiff is ready to verify, wherefore he prays judgment as he has heretofore prayed."

Defendant in error took issue upon the first, and demurred generally to the second replication, but later was permitted, over the objection of plaintiff in error, to withdraw its joinder in issue as to the first, and so amend its demurrer as to make it apply to both the first and second replications; and the same being sustained to both, plaintiff in error excepted, and declining to further answer the plea, the court gave judgment thereon in bar of the action and for costs.

Plaintiff in error prosecutes this writ of error to reverse the judgment, and argues for error that the court improperly allowed defendant in error to withdraw its joinder in issue as to the first replication and then demur to it, and also improperly sustained the demurrer to said first and second replications.

When the suit was dismissed as to the Shoe Company

upon motion of plaintiff in error, it was proper for the
court to allow defendant in error to so present its defense
to the action by changing any pleading already filed, and to
file others and afterward withdraw them, as seemed reason-
able, and we do not think that the discretion given to the
court by our statute of amendments, was abused by allow-
ing defendant in error to withdraw its joinder in error
upon said first replication, and then demur to it.

Under the national bank act of 1864, and its amendments,
referred to in the second additional plea, we find that banks
organized under it are given power " to exercise by its
board of directors, or duly authorized officers or agents,
subject to law, all such incidental powers as shall be neces-
sary to carry on the business of banking; by discounting
and negotiating promissory notes, drafts, bills of exchange,
and other evidences of debt; by receiving deposits; by buy-
ing and selling exchange, coin and bullion; by loaning
money on personal security, and by obtaining, issuing and
circulating according to the provisions of this title."

And it has been expressly held " that the United States
statutes relative to national banks constitute the measure
of the authority of such corporations, and that they can
not rightfully exercise any powers except those expressly
granted, or which are incidental to carrying on the busi-
ness for which they are established." California National
Bank v. Kennedy, 167 U. S. 362 (L. Ed. 42, 198).

And the rule is, that "the charter of a corporation
read in the light of any general laws which are applicable,
is the measure of its powers, and the enumeration of those
powers implies the exclusion of all others not fairly inci-
dental. All contracts made by a corporation beyond the
scope of these powers are unlawful and void, and no action
can be maintained upon them in the courts, and this upon
three distinct grounds: the obligation of every one con-
tracting with a corporation to take notice of the legal
limits of its powers; the interest of the stockholders not to
be subjected to risks which they have never undertaken;
and above all, the interest of the public, that the corpora-

tion shall not transcend the powers conferred upon it by law." Central Transportation Co. v. Pullman Palace Car Co., 139 U. S. 59 (L. Ed. 35, 55); Best Brewing Co. v. Klassen, 185 Ill. 37.

The plea in question set up in bar of the action that defendant in error was organized and incorporated as a national bank, under the laws of the United States, for the purpose of transacting and carrying on a banking business under said laws, passed and in force June 3, 1864, and the laws amendatory thereof, at the time the bond sued upon was executed; that defendant in error was not empowered or authorized by law to execute same; that the execution of the bond by it was beyond its power, and the bond, as to it, was therefore null and void.

The provision of the statute above quoted does not, in our opinion, expressly or impliedly give defendant in error authority to execute the bond sued upon, as the record shows that it was not given to aid or assist it in any manner, in carrying on any business connected with or in furtherance of its banking business, but was executed by defendant in error merely as surety for the shoe company. Nor are we aware of any provisions in the national bank act, or any other statute, that does so confer power upon it; and therefore the plea set up a good defense to the action and required answering, which plaintiff in error undertook to do by said first and second replications.

But the first replication was bad, because it merely denied a conclusion of law, and offered to have that issue determined by jury; so the court very properly sustained a demurrer to it for that reason.

And the second was also bad, because, even if defendant in error had duly executed the bond sued upon in this case as surety for the shoe company, and it had been delivered and accepted by plaintiff in error on the faith of such execution, and he had incurred liabilities upon the strength of it by executing the replevin writ as therein stated, yet if defendant in error was without authority to execute the bond, it would not be liable upon it, as expressly held in Best Brewing Co. v. Klassen, *supra;* Central Transporta-

tion Co. v. Pullman Palace Car Co., *supra;* and the court for that reason, therefore properly sustained the demurrer to it also.

And when plaintiff declined to further answer the " second additional plea, which, as we have shown, set up a good defense to the entire action, the court properly gave judgment in bar of the action and for costs, and its judgment will be affirmed.