United States Brewing Company, Appellee, v. Dolese & Shepard Company, Appellant.

### Gen. No. 16,460.

1. CONTRACTS—*entirely void where void provisions are not severable.* Where a corporation contracts to build, maintain and operate a saloon and boarding house, and the undertaking as to the boarding is *ultra vires* and void, the entire contract as to operation is void, since it is not severable.

2. CORPORATIONS—*contract of brewing company to maintain boarding house ultra vires.* A corporation organized under the laws of Illinois to manufacture and sell beer, buy and sell brewers' material and carry on a general brewing business, has no power, express or implied, to maintain and operate a building as a boarding house, even though it is also to use it as a saloon.

3. CORPORATIONS—*distinction between ultra vires contract and excessive use of corporate power.* Where a brewing company contracts to erect and maintain a building the greater part of which is to be used as a boarding house and remainder as a saloon, such a contract is *ultra vires* rather than an abuse or excessive use of corporate power.

4. CORPORATIONS—*recovery on implied contract.* Where a brewing corporation enters into an *ultra vires* contract to build and maintain a saloon and boarding house, it cannot recover on an implied contract while the property is still in its possession.

Appeal from the Municipal Court of Chicago; the HON. HOSEA W. WELLS, Judge, presiding. Heard in this court at the March term, 1910. Reversed. Opinion filed November 18, 1912.

WILLIAM J. PRINGLE and EDWIN TERWILLIGER, JR., for appellant.

WINSTON, PAYNE, STRAWN & SHAW, for appellee; WALTER H. JACOBS, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

On November 8, 1905, the appellant leased to the appellee "for and during a term conmencing on the first day of January, A. D. 1906, and ending the 31st day of December, A. D. 1930, and the said party of the first part" (appellant) "hereby receipts for the rent in full for said term," certain described premises, being one hundred feet wide by two hundred feet deep on Kane Road in the Village of Hodgkins, Lyons township, Cook county, Illinois. In consideration therefor the appellee agreed "to erect at its own expense and maintain for the entire term aforesaid, unless sooner terminated as hereinafter provided, upon the premises above described, a certain building, and to use and operate the same continuously for the entire term aforesaid, as a saloon and boarding house; said building to cost the sum of six thousand and seven hundred dollars ($6,700)." Plans and drawings of which building were made a part of the contract.

It was further agreed that the appellant "may at any time cancel this contract in the manner following: The first party shall notify in writing the party of the second part of its intention to cancel this contract and each party shall within five (5) days after such notice appoint a representative who shall be known as an appraiser." It is then stipulated how the said appraisers shall make their valuation of the said improvements; and in case they cannot agree, for the appointment of a third appraiser, and, upon making their award, for the payment thereof by appellant, etc., etc. It is then provided:

"It is hereby agreed, however, that in case said first party shall serve the notice above provided for, so that this agreement shall be terminated within three (3) years from the date hereof, or should the district, within which the premises herein demised are located, become a 'Prohibition or Local Option District,' so that, on account thereof, it shall be necessary to suspend

396     Appellate Courts of Illinois.

United States Brewing Co. v. Dolese & Shepard Co., 174 Ill. App. 394.

the saloon business on said premises within three (3) years from the date of this contract, then no such appraisement shall be made, but said first party shall pay to said second party the cost price of the building and improvements on said premises, such cost price not to exceed, however, the sum of ten thousand dollars ($10,-000). Said second party shall deliver, immediately upon payment, all receipts or copies thereof for all expenditures which might be a part of the above mentioned cost price. And failure to so deliver any such receipts or copies shall preclude said second party from including the amounts of any such receipts in said cost price.''

It is also agreed that the appellee ''may sublet said premises, but such sub-letting shall in no way release said party of the second part from any of the covenants or liabilties herein provided for.''

The other provisions of the contract are immaterial to a decision of the case and need not be recited.

The facts material to the issues here considered are practically undisputed. The appellee erected upon the said premises so demised, as agreed, an L-shaped building 24 feet wide by 177 feet long, with the addition thereto 20x30 feet. The portion devoted to saloon purposes was 24x32 feet. The portion devoted to boarding house purposes consisted of a kitchen 24x24 feet, a dining room 24x80 feet and 43 double bed-rooms, with wash rooms, etc., and there was also an apartment for the tenant. The appellee thereupon leased the said premises for a saloon and boarding house for a term of ten years at a monthly rental of $200, payable in advance, with a provision that if the lessee, or his assigns purchased from the appellee all beer sold on the said premises, and paid therefor in cash, etc., etc., the appellee would allow the said lessee a rebate of $120.00 on each month's rent; and the said lessee conducted a saloon and boarding house on said premises.

At an election in the said township of Lyons on April 7, 1908, the said township became prohibition

territory.   On April 9, 1908, the appellee made a demand in writing upon the appellant that it pay the sum of $10,000.00 under the terms of the said contract by reason of the said territory becoming a prohibition district.   The appellant not paying the same, the appellee on August 4, 1908, brought suit on the common counts with a special count declaring on the said contract, as a first-class case in the Municipal Court of Chicago.   The cause being submitted to the court without a jury, the court found the issues for the appellee and entered judgment thereon for $8,490.12, against the appellant.

The appellant contends that the said contract sued upon is *ultra vires*.   The appellee is a corporation organized under the laws of Illinois "to manufacture and sell all kinds of beer, ale and porter; to buy and sell all kinds of brewers' materials and supplies, and to carry on a general brewer's business in all its branches."   The learned trial court held *inter alia*:

"The Court holds as the law that if the contract of the plaintiff to build a building and operate it as a saloon and boarding house was *ulta vires* on its part in whole or in part, then such contract was void and could not be ratified by it nor could any performance on the part of the plaintiff give it validity or be the foundation of any right of action upon such contract."

Also:

"The court holds as a proposition of law that the business of using and operating a building as a boarding house is a separate and distinct business from that of manufacturing and selling beer and buying and selling brewers' materials and supplies, and carrying on a general brewing business, and that a corporation chartered to manufacture and sell beer and buy and sell brewers' materials and supplies and carry on a general brewing business, has no powers to contract to use and operate a building as a boarding house, even though it, as a part of the same promise, contract to also use and operate such building as a saloon."

We are of the opinion that under the evidence the

398    APPELLATE COURTS OF ILLINOIS.

United States Brewing Co. v. Dolese & Shepard Co., 174 Ill. App. 394.

said contract is not severable as to the undertakings of the appellee to maintain and operate a saloon and boarding house, and if the same is void as to the undertaking by the appellee as to the boarding house, it not being severable as to these undertakings, the contract as an entirety is void. Corcoran v. Lehigh & Franklin Coal Co., 138 Ill. 390; People v. Smith, 130 Ill. App. 407.

In Fritze v. Equitable Building & Loan Soc., 186 Ill. 183, the court say: "Corporations can only exercise such powers as may be conferred by the legislative bodies creating them, either by express terms or by necessary implication. Implied powers are presumed to exist in order to enable such bodies to carry out the express powers granted and to accomplish the purpose of their creation. By an implied power is meant one that is directly and immediately appropriate to the execution of the specific power granted, and not one that has slight or remote relation to it. People v. Chicago Gas Trust Co., 130 Ill. 268; People v. Pullman Car Co., 175 Ill. 125."

In Best Brewing Co. v. Klassen, 185 Ill. 37, the court say: "Many acts can be suggested which, though beneficial to the business of a corporation, are too remote from its general purposes to be deemed reasonably within its implied powers. What is and what is not too remote must be determined according to the facts of each case. The rule has been stated to be: In exercising powers conferred by its charter, a corporation 'may adopt any proper and convenient means tending directly to their accomplishment, and not amounting to the transaction of a separate, unauthorized business.' Clark v. Farrington, 11 Wis. 340." It is manifest from the evidence that the greater part of the building erected under the said contract was to be and was in fact used as a boarding house. And assuming, for the purpose of this decision, that the appellee was authorized and had the power under its charter to contract to erect and use a building as a

saloon, the question is: Had it the right to contract to erect a building and maintain, use and operate the same continuously for twenty-five years as a boarding house? It is probably true that the operation of the said boarding house would be very beneficial to its business of manufacturing and selling beer. So, too, would likely be the result of the operation in connection therewith of a theater, an amusement park, or many another business that would have the result of bringing to it the consumer. It would seem to us that the contract providing that the appellee maintain and operate a boarding house continuously for twenty-five years would be the undertaking on its part of transacting a separate, unauthorized business clearly within the definition of Best Brewing Co. v. Klassen, *supra,* and not within the implied powers granted appellee in its said charter, within the definition thereof in Fritze v. Equitable Building & Loan Soc., *supra,* and said contract was therefore *ultra vires* as to appellee.

In Steele v. Fraternal Tribune, 215 Ill. 190, the court say: "It is insisted, however, that even though the contract be regarded as *ultra vires,* yet defendant in error cannot avail itself of such defense, the contract having been performed in good faith by the other party and the corporation had the full benefit of such performance. We cannot agree with this contention. A contract of a corporation which is *ultra vires* in the proper sense of that term,—that is to say, outside the object of its creation, as defined by the laws of its organization, and therefore beyond the powers conferred upon it by the legislature,—is not only voidable, but wholly void and of no legal effect. The objection to the contract here is, not merely that the corporation ought not to have made it, but that it could not lawfully make it. The contract could not be ratified by either party because it could not have been authorized by either. No performance by the parties could give the unlawful contract validity or become the foundation of any right of action upon it."

National Home Building & Loan Ass'n v. Home Sav. Bank, 181 Ill. 35; Best Brewing Co. v. Klassen, 185 Ill. 37; Leigh v. American Brake-Beam Co., 205 Ill. 147; Stacy v. Glen Ellyn Hotel & Springs Co., 223 Ill. 546.

The appellee seems to rely upon Kraft v. West Side Brewery Co., 219 Ill. 205, to sustain its contention that said contract was not *ultra vires* appellee. In that case the appellee, the Brewery Co., loaned the appellant $4,000 to erect a building, wherein it was to have the exclusive sale of beer manufactured by the appellee. In that case the court held that under the circumstances the loan was within the implied powers of appellee and the making of the said loan not *ultra vires* appellee, saying, "the appellee's motive was clearly to extend the sale of its product and not to engage in the business of loaning money." The circumstances of that case seem to us quite different from those of the case at bar, where the appellee expressly undertook to maintain, use and operate the greater part of the said building as a boarding house continuously for twenty-five years.

In the consideration of this case the question has suggested itself to us, that if the appellee had the right to contract to erect a building and conduct a beer saloon therein, is not the said contract to be held rather an abuse or excessive use of its corporate powers, than an act unauthorized and *ultra vires* under the rule announced in Rector v. Hartford Deposit Co., 190 Ill. 380, and Keeley Brewing Co. v. Mason, 116 Ill. App. 603. We think not, for the evidence clearly shows that the greater part of the building was contracted for and used as a boarding house and was not used in the conduct of the saloon, and neither was it necessary therefor. Also the contract here considered was not merely a contract to conduct a beer saloon for the purpose of promoting the business of the appellee, and under the same an abuse was made of its corporate powers; but the appellee by said contract

expressly agrees to erect and maintain the said building and continuously for a term of twenty-five years use and operate the greater part of the same as a boarding house; at the end of which time the said improvements became the property of the appellant. In other words, for the entire term of the said contract the appellee expressly agreed to conduct a business separate from and unauthorized by its charter powers.

We conclude that the trial court was correct in holding the propositions hereinbefore quoted, and that the contract in question was *ultra vires* appellee and there could be no recovery thereon.

It remains to be considered whether the judgment may be sustained under the common counts. In their brief here counsel for appellee state that the appellee "stands squarely upon the contract itself." On the trial of the case at the close of all the evidence, the court stated that there was no evidence that the cost price (the only evidence introduced as to the price or value of the improvements) was a fair and reasonable cost price, to which counsel for the appellee agreed and stated that same would have been immaterial, for they were suing on a valid and binding contract. It does not appear from the record, but the appellant states in its brief, that after the cause had been submitted to the trial court on the evidence and briefs, the counsel for appellee on an oral argument contended that even though the contract was *ultra vires* there was an implied obligation to pay appellee the value of the building. The court refused to hold that there could be no recovery under the common counts, and also refused to hold that there could be no recovery under an implied contract for the reasonable value of the building. It is therefore probable that this was the view taken by the court, finally considering the cost price sufficient evidence upon which to base its findings; in fact no other theory is deducible

402     Appellate Courts of Illinois.

United States Brewing Co. v. Dolese & Shepard Co., 174 Ill. App. 394.

from this record upon which a finding might be made for the appellee under the common counts.

There is no evidence that the appellant has served the appellee with any notice of forfeiture of the said contract, as provided therein, or made any attempt to secure the possession of the said premises, or made any demand therefor. On the contrary, the evidence shows, without controversy, that the appellee, by its tenant, was in possession of and conducting a boarding house on the said described premises both at the time of beginning the suit and at the time of the trial. The appellant further offered to prove that at said times the said tenant was in fact, and had at no time ceased, conducting a saloon upon the said premises. This evidence was excluded by the court and said ruling was complained of by appellant as error. Whether the said ruling was erroneous is immaterial for the reason that the evidence shows, without controversy, that the appellee, by its tenant, was in possession of the said premises, using and operating the same as a boarding house. We know of no principle of law that will permit the appellee to retain the possession and use of the said premises, receiving the benefit and profit therefrom, and recover from the appellant the reasonable value thereof on an implied contract under the common counts. We therefore disregard the question of the insufficiency of the evidence as to the reasonable value of the said improvements. The theory that the appellee, having paid out money under a contract, now held *ultra vires,* to avoid an injustice, should be allowed to recover same on an implied contract, is not here applicable, for the reason that the moneys so expended by the appellee is in another form, that is, in the improvements on the said parcel of land, still in the appellee's possession and use, with the benefits therefrom.

The facts herein stated are substantially uncontroverted and are in accord with the findings of fact by the Municipal Court.

The said contract being *ultra vires* appellee and therefore void, no recovery can be had thereon; and the appellee not being able to recover on the evidence under the common counts, the judgment is reversed in accordance with our view of the law applicable to the said facts.

*Reversed.*