Matthias, J.
 

 The only question presented to this court is whether, under the facts disclosed by the record, the Long
 
 &
 
 Allstatter Company could sign a supersedeas bond of the Oldroyd Machine Company and others, or whether that act would be beyond the scope of the authority of that corporation. It is contended that the action of the court in requiring the acceptance of the Long
 
 &
 
 Allstatter Company as surety upon such bond has the effect of aiding that corporation to perform an
 
 ultra vires
 
 act.
 

 The Long & Allstatter Company was incorporated under the laws of Ohio in 1878, its purpose being stated in its articles of incorporation as follows: “The business of said corporation shall be the manufacture and sale of agricultural implements, machinery and tools, and such other articles as are usually manufactured in foundries and machine shops.”
 

 The record discloses that on March 11, 1931, two written agreements were entered into between the Oldroyd Machine Company and the Long
 
 &
 
 Allstat
 
 *488
 
 ter Company for the manufacture by the latter of certain machines of which the former is the designer and patentee, it having been therein agreed that when manufactured the Oldroyd Machine Company shall sell them and the profits therefrom be divided between the two companies. Thereafter a certain judgment was entered by the Court of Appeals of Hamilton county in favor of- A. Hunter Willis against the Oldroyd Machine Company for approximately one hundred thousand dollars.
 

 The board of directors of the Long
 
 &
 
 Allstatter Company passed a resolution wherein they found that “the Oldroyd Machine Company is unable to pay said judgment,” and if “said judgment is not paid a controlling interest in the capital stock of the Oldroyd Machine Company may be acquired by said A. Hunter Willis,” and that the rights of the Long
 
 &
 
 Allstatter Company under its said contract would be thereby endangered; and for the announced purpose of protecting its interests directed its officers to sign the bond in question as surety, and “that all of the assets of the Long & Allstatter Company be pledged as security for the payment of said bond. ’ ’
 

 Under the undisputed facts the single question presented is whether a corporation organized for the stated purpose is authorized to pledge its assets to meet the obligation as surety upon a supersedeas bond of another corporation with which it has a contract such as is involved in this case.
 

 The rigorous doctrine of
 
 ultra vires,
 
 as formerly applied, has been greatly modified, and its application denied in many instances to executed contracts. In the presentation of this case numerous authorities were cited to the effect that when a contract has
 
 *489
 
 been made and fully performed, either by the corporation or the other contracting party, neither would be permitted to assert the doctrine of
 
 ultra vires
 
 upon the part of the corporation. “The tendency of the courts, based upon the strongest principles of justice, was to enforce contracts against corporations, although in entering into them they might have transcended their charter powers, when they had received the consideration and the benefit of the contract, except possibly when the corporation was expressly forbidden to- enter into the transaction.” 10 Ohio Jurisprudence, page 831. That rule has been well established, and the salutary doctrine embraced therein was applied by this court in
 
 London & Lancashire Indemnity Co.
 
 v.
 
 Fairbanks Steam Shovel Co.,
 
 112 Ohio St., 136, 147 N. E., 329.
 

 However, we have no such situation here. In this case, the questionable act is challenged at its very inception, before any liability has attached, and issue is made in an action in mandamus where it is sought to compel a public officer to accept an appeal bond, with a corporation as surety, which corporation is not expressly authorized to act in that capacity or contract that liability, and the court is asked to declare in advance the validity of such corporate act, and to announce that the law specially enjoins as a duty the acceptance of said company by the clerk of courts as a surety upon the bond in question.
 

 The general rule governing corporations with reference to their power to assume obligations of others, and particularly with reference to the obligation as surety for the payment of indebtedness of others, is stated in Volume 3, Section 2280, Thompson on Corporations (3rd Ed.), as follows:. “Aside
 
 *490
 
 from surety and trust companies, which are organized for the express purpose of becoming sureties or guarantors, corporations as a rule have no power, unless expressly authorized, by any form of contract or endorsement to become surety or guarantor for, or otherwise lend their credit to, any other person or corporation. To this point a law writer on a cognate subject said: ‘It is no part of the ordinary business of commercial, and,
 
 a fortiori,
 
 still less so of non-commercial corporations, to become surety for others. Under ordinary circumstances, without positive authority in this behalf in the constating instruments, all engagements of this description are
 
 ultra vires,
 
 whether they take the direct form of suretyship, or the indirect forms of joining in accommodation bills, or otherwise becoming liable for the debts of - others.’ This doctrine is well supported.” Many cases are cited supporting the text.
 

 In a subsequent Section, 2282, the author states the following: “Conceding the general rule that a corporation ordinarily has no power to become a surety, still there have been circumstances under which corporations have been permitted to exercise this power. ’ ’ Numerous authorities are cited in support of that proposition. Indeed so many cases are cited supporting the general rule and also exceptions to the general rule that we do not attempt to make an analysis thereof or specific reference thereto. The chief grounds upon which rests the limitation or restriction of the powers of corporations are: “The interest of the public that the corporation shall not transcend the authority conferred upon it by law, and the interest of the stockholders that the company and its property shall not be subjected to risks not provided for in its charter, and
 
 *491
 
 not contemplated or undertaken by them when they subscribed for the company’s stock.’’ 10 Ohio Jurisprudence, page 821.
 

 This court announced the following syllabus in the ease of
 
 Pollitz
 
 v.
 
 Public Utilities Commission,
 
 96 Ohio St., 49, 117 N. E., 149, L. R. A., 1918B, 166: “A corporation has no power to enter into contracts of guaranty, or suretyship, or otherwise lend its credit to another, unless expressly authorized by its charter or by statute, except where the power to do so is implied from its express powers as necessary and proper in the furtherance of its legitimate business.” That rule is applicable to this case.
 

 “Where two corporations were organized under general laws for substantially the same purpose, one for the purchase, subdivision and sale of land, and the other for the construction or maintenance of street railways, it was held that, though each was' largely dependent upon the other to make the investment profitable, they could not jointly execute bonds secured by mortgage on their joint property, to pay off the indebtedness of one, and to construct a railway for the other.” 3 Thompson on Corporations (3rd Ed.), Section 2281.
 

 The following authorities are some, among others, denying the power of a private corporation to become surety upon a bond in an action at law.
 
 Sturdevant Bros. & Co.
 
 v.
 
 Farmers’ & Merchants’ Bank,
 
 62 Neb., 472, 87 N. W., 156;
 
 Best Brewing Co.
 
 v.
 
 Klassen,
 
 185 Ill., 37, 57 N. E., 20, 50 L. R. A., 765, 76 Am. St. Rep., 26;
 
 Black
 
 v.
 
 Black,
 
 (C.C.), 53 F., 985.
 

 It of course cannot be contended that the act of guaranteeing the payment of a money judgment against another corporation is authorized by the
 
 *492
 
 articles of incorporation of the Long
 
 &
 
 Allstatter Company, and it is quite difficult to see how it can be implied from its express powers as necessary and proper in the furtherance of its ultimate business. It is claimed to be authorized by reason of the provision of Section 8623-8, General Code, which confers authority upon “every corporation of this state *
 
 *
 
 * to * * * do all acts permitted by this act and all such further acts as are necessary, convenient or expedient to accomplish its stated purposes.” The authority upon the part of the Long & Allstatter Company to enter into the proposed obligation by executing a supersedeas bond on behalf of the Oldroyd Machine Company is claimed to exist because of the interest of the former in protecting the latter company on account of the contract relation existing between the two companies. But this contract exists, and presumably is valid and enforceable, regardless of who now has, or who may later acquire, a controlling interest in the Oldroyd Machine Company. Certainly it does not clearly appear that the assumption of the liability as surety upon such a bond is necessary, convenient, or expedient to accomplish the stated purpose of the incorporation of the Long & Allstatter Company.
 

 In our opinion, under the facts disclosed by the record, a writ of mandamus should not issue to compel the clerk of courts to accept and approve the Long
 
 &
 
 Allstatter Company as a valid surety upon the supersedeas bond in question.
 

 Judgment reversed.
 

 Marshall, C. J., Day, Allen, Kinkade and Robinson, JJ., concur.