## James McCartney v. The Supreme Tent Knights of the Maccabees of the World.

### Gen. No. 13,143.

1. FRATERNAL BENEFIT SOCIETY—*what ultra vires.* A fraternal benefit society has no power to agree to pay a member a specific sum upon his arriving at a specified age.

2. FRATERNAL BENEFIT SOCIETY—*how powers of, determined.* The powers of fraternal benefit societies are to be ascertained from its charter and those powers not specifically granted and not necessarily implied from those specifically granted, are deemed to have been withheld.

3. ULTRA VIRES—*when estoppel to plead, does not arise.* A fraternal benefit society is not estopped from pleading that it was without power to agree to pay a sum certain to a member upon his arriving at a particular age by reason of its having received assessments from such member from time to time, and continuing him in good standing until the. maturity of the obligation claimed as *ultra vires.*

Action in *assumpsit.* Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 18, 1907.

PHILIP J. MAGUIRE, for appellant.

MANN & MILLER, for appellee; D. D. AITKEN and DE- VERE HALL, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant sued appellee in assumpsit. The declaration consists of one count, in which it is averred, in substance, that January 21, 1886, at Springfield, Illinois, defendant was a fraternal beneficiary society, authorized by the laws of Illinois to transact its business in said state, and, February 19, 1886, it executed and delivered to plaintiff a beneficiary certificate or policy of insurance. Here the certificate is set out *verbatim*, which, omitting the signatures thereto, is as follows:

"Full Endowment Certificate of Membership:

"This certifies that Sir Knight James McCartney, is a member of Capital Tent, No. 1, located at Springfield, Illinois; and that he is a beneficiary member in good standing; that in accordance with and under the provisions of the Laws governing the Order he is entitled to receive one assessment on the membership, but not exceeding in amount the sum of Two Thousand Dollars as a benefit to Louis L. McCartney, his son, upon satisfactory proof of his death, and the surrender of this certificate, provided he shall have in every particular complied with all the rules and regulations of the Order.

"In case of Permanent or Total Disability, or upon attaining the age of Seventy years, he will be entitled to receive one-half of said Endowment as provided in the laws of the Order.

"In testimony whereof, The Supreme Tent has caused the Supreme Commander and Supreme Record Keeper to attest and affix hereto the seal of the Supreme Tent of the Knights of Maccabees of the World, this nineteenth day of February, 1886."

It was provided in the laws of the order that a total and permanent disability to perform or direct any kind of labor or business, or upon reaching the age of seventy years, should entitle a member holding a certificate of endowment, so disabled or aged, to the payment of one-half of the endowment to which he would be entitled at death, provided that the member shall have paid all dues and assessments from date of initiation to date of disability, or upon reaching seventy years of age. Plaintiff was born February 14, 1835, and was seventy years of age February 14, 1905, and has, in all things, complied with the rules and regulations of the order, and paid all dues and assessments from date of his initiation till he was seventy years old; yet defendant, although often requested, has not paid, etc.

The defendant filed a special plea in bar, averring, in substance, that, while it was authorized by the laws of this state to transact its business in this state, it was a corporation organized and existing as a fraternal

benefit society, only under the general laws of the State of Michigan in force in 1869, entitled "An Act to provide for the incorporation of co-operative and mutual benefit associations," section 1 of which act is as follows:

"The people of the State of Michigan enact, that any number of persons, not less than five, may become a body corporate and politic, for the purpose of securing to the families, or heirs of any member, upon his death, a certain sum of money, to be paid by such corporation, either out of its fund, or by an assessment made upon the members of such corporation, or upon the members of the class in such corporation to which such deceased member belonged, or for the purpose of securing, in the same manner, a certain sum of money, weekly or monthly, to any member disabled from attending to his ordinary duties by sickness or other disability, by executing under their hands, and acknowledging before some person within this state authorized to take the acknowledgment of deeds, one or more duplicate articles of agreement, as hereinafter specified, one copy whereof shall be filed and recorded in the office of the Secretary of State; and a record shall be made of such articles, or of a certified copy thereof, in the clerk's office in the county of this state in which the principal office of such association may be located."

And defendant avers that, to wit, February 19, 1886, it was unlawfully agreed between plaintiff and defendant that, in consideration of the payment by plaintiff of certain dues, etc., the plaintiff, on becoming seventy years old, should be entitled to receive from defendant one-half of the endowment on said certificate mentioned, etc., which said agreement was contrary to the aforesaid statute, and beyond the power of defendant to make, etc. All pleas except this one were eliminated by the parties, by leave of court, and the plaintiff demurred to this plea. The court overruled the demurrer and the plaintiff elected to stand by his demurrer, whereupon the court rendered judgment for the defendant.

The question presented for decision is, whether it was *ultra vires* the defendant corporation to agree, as it did, by its endowment certificate of membership, that the plaintiff, upon attaining the age of seventy years, should be entitled to receive one-half of the endowment of $2,000 mentioned in the certificate. The object of the defendant corporation, as expressed in the Michigan statute under which it was incorporated, is two-fold; first, for the purpose of securing to the families, or heirs of any member, upon his death, a certain sum of money, to be paid by such corporation, either out of its fund, or by an assessment upon the members of such corporation, or upon the members of the class in such corporation to which such deceased member belonged; second, for the purpose of securing, in the same manner, a certain sum of money, to be paid weekly or monthly, to any member disabled from attending to his ordinary duties, by sickness or other disability. The purpose first mentioned has no relevancy to the present case, the assured being alive and in court. The purpose secondly mentioned in the statute is, as we think, clearly limited to the payment to members temporarily disabled, by sickness or other disability, from attending to their ordinary duties, a certain sum of money, weekly or monthly. The sum of money so to be paid is to come from the fund of the association, or to be raised by assessment on the members of the association, or on the members of the class in the corporation to which the temporarily disabled member belongs, and the sum to be paid, weekly or monthly, in each case, is, by necessary implication, to be determined by the association. The fund of the association belongs to all its members, and no power is granted, either to pay money out of its fund, or by assessment on the members of the association, for any purpose except the purposes specified in the statute. All other purposes are, by necessary implication, excluded. A power to pay a member $1,000 when he shall attain the age of seventy years certainly is not in-

cluded in, nor can it be inferred from, a power to aid members temporarily disabled from attending to their ordinary duties, by payment, weekly or monthly, of a sum to be determined by the association.

In Rockhold v. Canton Masonic Benefit Association, 129 Ill. 440, 456, the court say: "The powers specifically enumerated, and such others as are incidental or necessary to carry those powers into effect, but none others, may be exercised by the corporation," citing numerous cases. In that case, the object of the corporation was stated, in the certificate filed with the Secretary of State, in pursuance of section 29 of chapter 32 of the Revised Statutes, to be "to give financial aid and benefit to the widows, orphans and heirs or devisees of deceased members." The certificate issued to Rockhold purported to bind the association to pay to him, upon his arriving at seventy years of age, or after he should have been a member in good standing for twenty-five years, the sum of one dollar for each member of Division A of the association. The court held that, in view of the declared objects of the association, it was powerless to so contract, saying: "In so far, therefore, as this certificate assumes to bind the society to the payment to Charles W. Rockhold of the sum named upon his arriving at seventy years of age, or after he has been a member of the society, in good standing, for twenty-five consecutive years, it is beyond the power conferred by the charter of the corporation. The State of Ohio ex rel. v. Central O. M. B. Association, 29 Ohio St. 399; The People ex rel v. Nelson, 46 N. Y. 477; Bacon on Benefit Societies and Life Insurance, sec. 46; Niblack on Mutual Benefit Societies, sec. 3."

In Walker v. Giddings, Comm'r, etc., 103 Mich. 344, the Supreme Court of Michigan held that a beneficiary association incorporated under the same act under which the defendant was incorporated, had no power to issue certificates of membership for amounts not exceeding $250 each, payable in 100 months, or upon total

disability or death. The court say: ''The act under which the association was incorporated provides only for payment in case of death, or for payments in case a member is disabled by sickness or other disability; while the constitution of this association not only provides for payment in case of death and disability, but also endowments payable at the end of 100 months. It is too well settled to need the citation of authority that corporations can exercise only such powers as are expressly or by implication granted to them." *Ib.* 346. The court adhered to this decision in Calkins v. Bump, 120 Mich. 335, saying: ''We are also of the opinion that the court was not in error in holding that the endowment provisions of the certificates of membership issued by the corporation were void. This act was before this court in Walker v. Commissioner of Insurance, 103 Mich. 344, and there received the construction for which complainant now contends. In that case, the fraternal society was called the 'American Monitor', and its constitution provided for endowments payable at the end of 100 months. It was held that this provision was in excess of the power granted by the act, and that it could not do any business except such as was permitted by the act. The same construction has been placed upon a similar statute in Illinois. Chicago, etc., Indemnity Assn. v. Hunt, 127 Ill. 257 (2 L. R. A. 549); Rockhold v. Benevolent Society, 129 Ill. 440.''

Counsel for the plaintiff does not venture to assert that the certificate in question, in so far as it contains an agreement to pay to the plaintiff $1,000, upon his attaining the age of seventy years, is within the power of the defendant. On the contrary, he impliedly admits that the defendant was powerless so to agree, by contending that the plaintiff having performed his part of the agreement, by paying all dues and assessments and continuing to be a member of the association in good standing, the defendant is estopped to plead *ultra vires.* Such is not the law of this state. The defend-

ant was absolutely powerless to agree to pay to the plaintiff $1,000 when he should become seventy years old, and the agreement so to do was void.

In National Home Building Assn. v. Bank, 181 Ill. 35, it was contended that the association was estopped to plead *ultra vires* because it had received the benefit of the contract; but the court held otherwise, on the ground that there was an utter lack of power in the association to make the contract (*ib.* 43-44), and the court concludes its opinion in these words: ''In this case the transaction was beyond the corporate powers and *ultra vires* in the strict and legitimate sense, and against public policy. It could not be ratified or become valid by acquiescence, since there was no power to make it. Flora D. Bishop, who dealt with the corporation, was chargeable with notice of its powers and their limitations and its inability to enter into the contract. She could not make the void contract valid by acting under it. No action can be maintained upon the unlawful contract, and in such cases, if the courts can afford any remedy, it cannot be done by affirming or enforcing the contract, but in some other manner.''

Best Brewing Co. v. Klassen, 185 Ill. 37, 39, and Steele v. Fraternal Tribune, 215 *id.* 194, are to the same effect.

In Rockhold v. Canton Masonic Benev. Society, and in Steele v. Fraternal Tribune, cited *supra,* the plaintiffs had paid all dues and assessments, but this did not avail them. The plaintiff was bound to know and must therefore be presumed to have known the extent of the defendant's powers, and that it was without power to agree to pay him $1,000 when he would become seventy years of age. National Home Bldg. Assn. v. Bank, 181 Ill. p. 44; Steele v. Fraternal Tribune, 215 *id.* 194.

Counsel for plaintiff seems to assume that plaintiff has derived no benefit from the contract; that he has paid his money for nothing. Manifestly this is not true. His certificate binds the defendant to pay to his beneficiary $2,000 at plaintiff's death, if plaintiff shall

have complied "with all the rules and regulations of the order;" and if during his life he becomes unable, by reason of sickness or other disability, to attend to his ordinary duties, he may apply to the defendant for temporary aid.

Counsel for plaintiff seems to lay some stress on the fact that the agreement in question is not prohibited in express terms by the statute. It is not necessary that the exercise of a non-granted power by a corporation shall be expressly prohibited, in order to render it unlawful. Whatever power is not granted is withheld, and the exercise of a power not granted is a usurpation and unlawful, and for such unlawful usurpation a corporation may be deprived of its charter.

The judgment will be affirmed.

*Affirmed.*