LYMAN TRUMBULL, appellant, *v.* THOMPSON CAMPBELL, appellee.

*Appeal from Sangamon.*

An action for money had and received lies, whenever one person has received the money of another which, in equity and good conscience, he ought not to retain.   In such case, the law will imply a promise to restore it, and provide a remedy to enforce the obligation.

The Legislature made an appropriation for certain services to be rendered by the Secretary of State.   Having performed, as he alleged, two thirds of the services, he claimed and received, on retiring from office, two thirds of the amount of the appropriation.   His successor completed the services, claiming that his predecessor had performed but one third of the service, and brought an action for money had and received against him to recover back the alleged excess:  *Held,* that the successor had no right of action against his predecessor to recover the money; that if too much had been received, the State might recover back the excess; and if the former had not received his due proportion, that he had a valid claim against the State therefor.

ASSUMPSIT, for money had and received, brought by the appellee against the appellant, in the Sangamon Circuit Court.   It was submitted to the Court upon an agreed case, when a *pro forma* decision was entered, that the plaintiff recover of the defendant the sum of $200, and costs.

The principal facts are stated by the Court.   It further appeared that the predecessor in office of the appellant in this case, who left the office under similar circumstances so far as regards the performance of the services spoken of in the Opinion, received an amount similar to that received by the present appellant.

*A. Lincoln,* for the appellant, relied on the following points and authorities:

No action at law will lie in the case,

1.   Because Trumbull being in office when the appropriation was made, the legal right to the whole was instantly vested in him.   *Jones* v. *Shore,* 3 Peters' Cond. R. 624; *Buel* v. *Van Ness,* 5 do. 445.

2.   Because it involves an apportionment of the appro-

priation, which a Court of Law is incompetent to make. 1 Story's Eq. Jur. §§ 471–2; *Robson* v. *Andrade,* 2 Eng. Com. Law R. 432; *Waddell* v. *Morris,* 14 Wend. 76.

No action at law will lie in the case by Campbell against Trumbull, because there is no privity between them. 2 Comyn on Cont. 7; 2 Saunders' Pl. & Ev. 675; Chitty on Cont. 184; *Tiernan* v. *Jackson,* 5 Peters, 580.

*S. T. Logan,* and *A. T. Bledsoe,* for the appellee.

The Opinion of the Court was delivered by

TREAT, J.   Lyman Trumbull was appointed Secretary of State on the 27th of February, 1841, and continued to hold the office until the 4th of March, 1843, when he was superseded by the appointment of Thompson Campbell.   The Legislature, on the 3rd of March, 1843, appropriated "to the Secretary of State, for making index to the Journals of the Senate and House of Representatives and laws, for copying laws, and making marginal notes and index to laws, the sum of six hundred dollars." Laws of 1842–3, page 13.   Trumbull, on the 4th of March, 1843, before he went out of office, but after he knew he was to be superseded, claiming to have rendered two thirds of the services for which the appropriation was made, drew an order on the Auditor for two thirds of the amount appropriated; and the Auditor, at the same time, issued a warrant in favor of Trumbull for $400, which was not presented to the Treasurer for payment until after Campbell came into office, but before he had performed any considerable portion of the remaining services. Campbell subsequently performed all of the remaining services, and alleging that Trumbull had received more than his share of the appropriation, commenced an action of *assumpsit* to recover of Trumbull the excess, as so much money had and received to his use.

The Circuit Court, on an agreed case presenting the foregoing state of facts, made a *pro forma* decision that the action was maintainable, and after hearing the evidence, the Court found that Trumbull had not rendered more than one

third of the services; and, thereupon, a *pro forma* judgment was rendered, that Campbell recover of Trumbull $200 and costs. That decision is assigned for error.

The only point in the case is, whether the action as between these parties can be maintained. This question was discussed at the bar with much ability, and some embarrassment has been felt in determining it. The various positions assumed by counsel, and the numerous authorities cited to sustain them, have been attentively considered and investigated. Upon mature deliberation, the Court has come to the conclusion that the action cannot be maintained, and I shall proceed briefly to state the reasons on which that conclusion is founded.

The general principle governing the action for money had and received is well understood and defined. The action lies whenever one person has received the money of another, which, in equity and good conscience, he ought not to retain. In such case the law will imply a promise to restore it, and provide a remedy to enforce the obligation. Let us inquire into the circumstances of this case, and ascertain whether Trumbull has obtained the possession of money belonging to Campbell.

The appropriation was made when but a part of the services had been rendered. It embraced as well the services already rendered as those thereafter to be performed. The consideration of the appropriation was the rendering of the services. The performance of them was a condition precedent to the payment of the compensation. The right to demand payment was to be based on the prior fact of performance. The legal right to the money was not vested in the officer on the passage of the law; the right only became perfect when the duties were actually performed. The Auditor was not bound to issue his warrant for the amount of the appropriation until the services were completed. Perhaps he might, in his discretion, make proportionate advances from time to time as the work progressed. Beyond this the Secretary had no valid claim to the appropriation. Assuming the finding of the Circuit Court to be correct,

Trumbull v. Campbell.

Trumbull was only entitled to one third of the appropriation when he went out of office. It follows that the excess was advanced without authority of law. It is clear, if he did not perform the service, that he has not the right conscientiously to retain it. To whom did the money belong when thus paid out? It was not the money of Campbell, for he had not then rendered the services. He had no more right to receive it than Trumbull. It belonged to the State and was improperly paid over by its agent. The moment the warrant was cashed at the Treasury, a right of action accrued to the State to recover back the excess, as so much money wrongfully received by an individual having no just claim to it. The right of action still subsists. This seems to be conclusive of the question. If there is a right of action in the State, there can be none in Campbell. The suit to enforce this cause of action must be instituted in the name of the State. The demand is a mere chose in action, not capable of assignment so as to vest the legal interest in the assignee. If Campbell has an equitable claim in this cause of action, he must pursue his remedy in the name of the State. To allow him to maintain the action in his own name, would be in effect declaring that the mere right of action was negotiable, so as to vest the legal interest in him. There is a stern and unbending rule of the law which forbids it.

The receipt of the money by Trumbull can in no event prejudice the rights of Campbell. If Campbell has rendered two thirds of the services, to cover which the appropriation was made, he has an unquestionable claim on the State to that extent; and the Legislature having appropriated the money to pay for the services, the Auditor may adjust and settle the claim. If the State has advanced to Trumbull more than he had the right to receive, that furnishes no good reason why it shall not pay to Campbell all that he has become entitled to receive by the performance of the services.

It is the opinion of the Court, *first*, that the Secretary of State was not legally entitled to receive the whole amount of the appropriation, until he had performed all of the services for which it was made, but that he might from time to time, in the discretion of the Auditor, receive proportionate

payments for the services actually rendered; *second,* if Trumbull received more than such proportion, the payment was made without authority of law, and he can be compelled to restore the excess; *third,* the right of action against Trumbull is in the State, and not in Campbell, the former having received the money before the appointment of the latter; and *fourth,* if Campbell has not received his due proportion, he has a valid claim on the State for the balance, and can compel the Auditor to issue a warrant therefor.

The judgment of the Circuit Court is reversed with costs.

*Judgment reversed.*