BOARD OF SUPERVISORS OF STEPHENSON COUNTY

*v.*

PELLS MANNY.

1. REMEDY — *to recover back taxes improperly collected.* If money has been paid for taxes illegally assessed, the proper remedy to recover the same back is by an action for money had and received. That action is applicable where a person receives money, which, in equity and good conscience, he ought to refund.

2. DEFENSE — *in such action.* In an action for money had and received, the party sued may go into every equitable defense upon the general issue; he may claim every equitable allowance, in short, he may defend himself by every thing which shows that the plaintiff, *ex æquo et bono,* is not entitled to recover.

3. TAXES *irregularly assessed —whether they may be recovered back.* Where taxes have been paid upon property legally liable to taxation, it cannot be recovered back, although the assessment was informal and irregular and not strictly in conformity with the statute, or the statute itself defective in respect to the manner in which the assessment is directed to be made.

4. TAXATION OF NATIONAL BANKS *by the State — of the mode thereof.* Whether the shares of national bank stock are listed for taxation by the individual owners, or the capital stock is listed by the bank, a similar valuation and a like burden are imposed, and in whichever mode the assessment is made, there is no wrong perpetrated and no injustice done.

5. SAME — *legality of assessment — in what proceeding may be questioned.* While the question of the sufficiency of the law of this State in regard to the mode of assessment of stock or shares in national banks, for taxation, might possibly arise in case of an attempt to enforce the collection of a tax, it cannot properly arise in an action for money had and received to recover back money paid for such a tax.

Appeal from the Circuit Court of Stephenson county ; the Hon. Benjamin R. Sheldon, Judge, presiding.

The opinion states the case.

Mr. J. M. Bailey, for the appellants.

Mr. J. A. Crain, for the appellee.

Mr. Justice Thornton delivered the opinion of the Court:

An action of assumpsit was brought to recover back moneys paid for taxes assessed upon certain shares in the capital stock of the Second National Bank of Freeport. The taxes were assessed for the years 1865 and 1866.

If any recovery can be had, it is upon the count for money had and received. The principle governing in such case is, that the possession of money has been obtained, which cannot conscientiously be withheld. Such an action is designed for the advancement of justice ; and it is applicable, where a person receives money, which, in equity and good conscience, he ought to refund.

The defense to the claim, as well as the claim itself, is governed by the same principles. In speaking of this action, Lord Mansfield, in *Moses* v. *McFarland*, 2 Burr. 1010, said, " It is the most favorable way in which he can be sued ; he can be liable no further than the money he has received ; and against that may go into every equitable defense upon the general issue ; he may claim every equitable allowance, etc. ; in short, he may defend himself by every thing which shows that the plaintiff, *ex æquo et bono*, is not entitled to the whole of his demand, or any part of it."

Apply these principles to the facts of this case, and there can be but one conclusion. Appellee was the owner of certain shares of stock in the National Bank of Freeport. This was property, within the meaning of the law. According to our con-

stitution and revenue laws, every person or corporation must pay a tax, in proportion to the value of his or its property. There was the highest obligation upon appellee, to pay the taxes assessed upon his shares of stock. The law did not and could not exempt him from this obligation. He was, then, bound to pay the taxes on his property. This he did do; and even though the assessment was informal and irregular, and not strictly in conformity to the statute, the money cannot be recovered back. It was not money which, in equity and good conscience, ought to have been refunded. Appellant had an equitable right to the taxes paid, and for the promotion of justice should retain the money. *The People* v. *Bradley*, 39 Ill. 131; *The People* v. *Miner*, 46 id. 374; *Eddy* v. *Smith*, 13 Wend. 489.

It is contended that the act of February 14, 1857, entitled "An act to amend 'An act to establish a general system of banking,' passed February 15, 1851," requires the capital stock to be taxed, instead of the shares, in banking corporations; that property cannot be held liable to double taxation; and that our statute authorizing the taxation of stocks in banks, does not conform to the limitations of the act of congress, of June 3, 1864, creating national banks.

There is no proof in the record that the bank had ever paid taxes upon the capital stock; and in the language of this court, in the case of *People* v. *Bradley, supra,* "the shares represent the capital stock, and the capital stock represents the shares. If listed by the shareholder he would pay the tax directly; if listed by the bank he would pay the same amount indirectly." The payment of the tax is made; and thus the same result is reached by different means. A similar valuation, and a like burden are imposed in the one case as in the other. There is no wrong perpetrated, and no injustice done.

The question, whether our statute conforms to the act of congress or not does not arise in this case. It can make no difference to the rights of the parties if our statute does not prescribe the exact mode of assessment required by the act of

congress.   These questions might possibly arise, in case of an attempt to enforce the collection of a tax irregularly assessed. This is not such a case, and we therefore forbear any discussion of such questions.

Appellee was under a legal and equitable obligation to pay the taxes complained of.   There was legislation upon the subject.   It may have been defective.   The assessment may have been irregular.   The alleged illegality in the assessment is, however, wholly technical, and should not be regarded in this form of action.

Appellee has discharged an obligation, has performed a duty resting upon him, and has done nothing more.   His claim is not based upon any merit or equity, and the judgment is therefore reversed, and the cause remanded.

*Judgment reversed.*

SHELDON, J., took no part in the decision of this case.