## HENRY CEASE

### *v.*

## WASHINGTON COCKLE.

1. EVIDENCE—*parol to vary written contract.* Where the written con-tract of parties showed a bargain by two of them for the sale and deliv-ery of 20,000 bushels of corn to the other party, it was held that parol evidence could not be received to show that each of the parties of the first part had sold 10,000 bushels, which he was to deliver, and that each was surety for the other as to the part to be delivered by such other, as this would be to vary the legal effect of the written contract.

2. CONTRACT—*whether change in terms not complied with will release.* Where A and B agreed to sell and deliver to another 20,000 bushels of corn, to be delivered at Mason City by a day named, and A and the vendee subsequently agreed that one-half of the corn should be delivered in Chicago: *Held*, in a suit by the vendee for damages growing out of a failure to deliver the corn at Mason City, that the subsequent agreement furnished no excuse for not delivering at Mason City, unless it was shown that the subsequent agreement was complied with by the vendors.

3. INTEREST. Where money is advanced upon the purchase of grain, only a portion of which is delivered, interest is recoverable upon the excess of money advanced above the amount of grain delivered.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. E. A. WALLACE, and Messrs. DEARBORN & CAMPBELL, for the appellant.

Messrs. FULLERTON & ROGERS, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action of assumpsit, brought by Washington Cockle against Henry Cease, to recover damages for a breach of the following written contract:

Article of agreement made and entered into by and between D. W. Tamblyn & Co., and Henry Cease, all of Mason City, Illinois, of the first part, and Washington Cockle, of the city of Peoria, of the second part.

The condition of this obligation is such that the parties of the first part have, jointly and severally, sold to the party of the second part 20,000 bushels of shelled corn, to be good, dry, sound, merchantable corn, to be either white or yellow, as would be called, by competent judges, merchantable corn of either kind, said corn to be delivered on board of cars at Mason City, any time when called for up to the first of July next, at buyer's option, for the consideration of $13,000, or 65 cents per bushel, $6000 to be paid down, $2000 by the first of March next, and the remainder upon the delivery of said corn as per contract, or as fast as delivered, the buyer to give seller ten days' notice as to when he wants said corn delivered, and the buyer have cars to put the corn in as fast as he (buyer) wants. It is further agreed that the parties of the first part are not compelled to furnish more than 8000 bushels by the 1st of May next, provided it should be called for by that time, but is optional with said Cockle, at the same time, as to whether he takes any of said corn before the 1st of July, 1870.

Dated and signed this 28th day of December, 1869, at Mason City.           D. W. Tamblyn & Co.,
                                  Henry Cease,
                          Washington Cockle,
                               Per *J. L. Winters.*

The firm of D. W. Tamblyn & Co. was composed of D. W. Tamblyn and J. B. McCable. Tamblyn died sometime before July 1, 1870. There having been $9300 advanced upon the

contract, and only 8209 bushels of corn delivered, this action was brought May 8, 1873.    Plaintiff recovered a verdict and judgment for $1347.75, and defendant appealed.

The defendant below attempted to set up in defense that he signed the contract as security for 10,000 bushels of the corn on the contract of Tamblyn & Co. to sell and deliver that amount, and that the other 10,000 bushels the defendant was to sell and deliver himself, and that Tamblyn & Co. signed the contract as his securities for the 10,000 bushels to be delivered by him; that there was a subsequent agreement between Cockle and Tamblyn & Co. that the latter should deliver their 10,000 bushels in Chicago, instead of at Mason City as called for by the contract, and that in consequence of that arrangement, defendant suffered corn to a large amount to pass out of Tamblyn & Co.'s warehouse in Mason City, in June, 1870, without objection, which he would not have done but for such arrangement.    Defendant had himself delivered all of 10,000 bushels, except five car-loads, and had them ready to deliver, if plaintiff would complete the payment for 10,000 bushels; but the latter refused to make any further payment until the delivery of the 10,000 bushels agreed to be received at Chicago was made; and defendant refused to deliver any more than to the amount of 10,000 bushels.

This offered defense, so far as related to the suretyship of defendant, was overruled by the court, and the main ground of error insisted upon is, the denial of the benefit of this defense, which was done in the way of the exclusion of parol evidence to prove the alleged suretyship, and in the refusal of instructions bearing upon the effect of such suretyship, and the subsequent agreement to receive 10,000 bushels in Chicago.

We are of opinion the court was correct in excluding parol evidence to prove the alleged relation of principal and surety between the parties of the first part to this written contract. This case is not like that of *Ward* v. *Stout et al.* 32 Ill. 400, and other similar cases cited, where it was held competent,

when two or more have signed an obligation for the payment of money jointly, or jointly and severally, for one to show by parol evidence that he was surety for the other.

Such proof, in such case, is held to do no violence to the rule that a written instrument can not be varied by parol evidence, for it does not affect the terms of the contract, but establishes a fact collateral to the contract, showing the relation in which the promissors stand to each other. But here is not a mere promise to pay money, which, in its nature and full effect as such a promise, would not be changed by the fact of one of the parties being a surety, but it is a joint and several contract for the sale and delivery of a quantity of corn. By the contract, Cease was the seller of the whole of 20,000 bushels of corn. The proposition was, to show that the contract was one of a different character—a contract for the sale and delivery, by Cease himself, of only 10,000 bushels of corn, and that as to the other 10,000 bushels, Tamblyn & Co. alone were the sellers, and that Cease only undertook that they would sell and deliver the same. It was, as to 10,000 bushels of the corn, to change the contract from one of a sale by the party himself, to that of a guaranty of a sale by another person. This would be a different contract from the one the purchaser took and had a right to rely upon. We do not think it admissible thus to vary the terms of a written instrument by parol evidence.

There being no evidence of any suretyship, but a plain contract of sale by two persons, we can not perceive how the mere agreement with Tamblyn & Co. to receive delivery of 10,000 bushels of the corn in Chicago, instead of Mason City, should constitute any matter of defense to Cease. It was through no fault of Cockle that he did not receive the corn in Chicago; he was there ready to receive, and applied for it, but the agents of Tamblyn & Co. refused to deliver the corn because the latter had not paid for it. Cease had contracted that he would sell and deliver 20,000 bushels of corn at Mason City, and it was incumbent upon him to see that the

whole amount was delivered either there or at Chicago. He failed as to either place, with no sufficient excuse.

It is objected that the agreement to receive the 10,000 bushels in Chicago made a change in the contract, and that, the declaration being upon a contract to deliver at Mason City, there was a variance which would preclude a recovery on that ground.

But the contract as declared upon to deliver at Mason City was proved, and it was for defendant to show compliance, or an excuse. Had he delivered at Chicago the amount which had been subsequently agreed to be received there, that would have been sufficient; but failure to do so leaves him without excuse for not delivering at Mason City, and guilty of a breach of the contract declared upon.

It is also objected, that it was error to instruct the jury to allow interest upon the excess of the money advanced above the amount of the corn delivered. We think such interest a legitimate item of damage for the breach of the contract.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*