## J. F. Brady v. George Horvath.

1. ASSUMPSIT—*When it Lies for Money Had and Received.*—The action of assumpsit for money had and received is an equitable action, and will lie wherever one party has obtained money which, in equity and good conscience, he ought not to retain.

**Assumpsit,** for money had and received. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

JOHNSON & McDANNOLD, attorneys for plaintiff in error.

J. F. DILLON, attorney for defendant in error.

Brady v. Horvath.

Mr. Justice Shepard delivered the opinion of the Court.

The declaration in this case consisted of the common counts, in assumpsit, including those for money had and received and upon an account stated.

A promissory note, dated April 25, 1895, made in the name of M. Ottens & Co., and payable July 25, 1895, to the order of appellee for $1,500, was introduced in evidence by the appellee, who testified that the appellant signed and gave it to him on or about the day of its date.

There was evidence that tended to show that the appellant received for the appellee, in some transaction which is not made plain, the sum of $2,000, and that when the money was demanded of appellant, he excused himself by saying he had paid it out or most of it, and could give appellee at that time $250; that appellant then paid to appellee said sum of $250 in cash, and for the balance gave him a check or promissory note for another $250, which was subsequently paid, and also gave to him said promissory note for $1,500.

The appellee testified that he saw appellant sign the name of M. Ottens & Co. to the note at the time it was given to him. Another witness for appellee testified that after the note fell due and was not paid, he went with appellee to see appellant and remonstrated with appellant for not giving the money to appellee, and said to him, " You gave him a promissory note;" and that appellant replied, "Well, I would like to see him get the money;" but that two days later appellant gave him $25 for the appellee, saying "Here is $25, and you will get the balance in a short time."

The appellant on the other hand testified that the signature to the note was not his; that he did not write the name; that no one was authorized to write it for him, and that he did not know who wrote it. If the truth of his having signed the note were of controlling effect in the case, one way or the other, we should be obliged to rely upon the verdict of the jury as settling the question, for, in view of all the evidence, we think the evidence may fairly be said

to preponderate in favor of the jury's conclusion that he did sign it.

But regardless of the fact of who signed the note, the evidence tended strongly to show that the appellant received the $2,000 for the appellee, and the appellant himself does not deny it. He only denied any and all transactions with appellee, but we think his testimony was fairly overborne by the other evidence.

Of the money so received by the appellant, we must regard the verdict of the jury as settling that $500 was paid by appellant to appellee, as testified by the appellee, and that there remained in the hands of the appellant the sum of $1,500, which of right, and equitably, belonged to the appellee, and for which the verdict was rendered.

The action of assumpsit for money had and received is an equitable action, and will lie wherever one party has obtained money which in equity and good conscience he ought not to retain. Supervisors, etc., v. Manny, 56 Ill. 160; Barnes v. Johnson, 84 Ill. 95.

It is not necessary to discuss the several assignments of error. So far as the right to urge them, considering the condition of the record, is concerned, they are not well taken. The real merits of the case are all involved in what we have specially mentioned, and having been settled in appellee's favor, the judgment of the Circuit Court must be affirmed, and it is so ordered. Affirmed.