## United States Brewing Company, Appellee, v. Dolese & Shepard Company, Appellant.

### Gen. No. 22,015.

1. . IMPROVEMENTS, § 6*—*what considered in determining value of improvements and cost.* The rule that the reasonable value of improvements on real estate is to be determined by the enhanced value of the real estate on which the improvements are made has no application where such improvements are made at the special instance and request of the owner. In such case the proper method of valuation was to arrive at the value of the improvements and the cost at the time they were made, and the depreciation from the time of construction to the date in question.

2.   ASSUMPSIT, ACTION OF, § 44*—*when lies.* An action of assumpsit to recover the reasonable value of improvements is equitable in its nature, and lies whenever a defendant has obtained money or property of the plaintiff which, in equity and good conscience, he has no right to retain.

3.   APPEAL AND ERROR, § 1725*—*when decision on former appeal is binding.* The decision of the Supreme Court on a former appeal that an action lies to recover the reasonable value of improvements by a tenant is binding on a subsequent trial.

4.   IMPROVEMENTS, § 6*—*when owner of land liable for reasonable value of.* In an action of assumpsit by the erector and tenant of a building to recover the value thereof from the owner of the land, where the Supreme Court had on a former appeal decided that plaintiff was entitled to recover the reasonable value of such build-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

United States Brew. Co. v. Dolese & Shepard Co., 205 Ill. App. 478.

ing as of a certain date, and where it appeared that the building had been erected at the defendant's instance, and where the contract had been held *ultra vires* by the Supreme Court, but not *malum in se* nor *malum prohibitum*, and the building had been erected for use as a boarding house by the defendant without expense to it, and where the agreement of the parties contemplated payment to the plaintiff, *held* that, as the action being for the recovery of reasonable improvements was equitable in its nature, every principle of equity and fair dealing required that the defendant should pay the reasonable value, based upon the value and cost of the improvements when they were made and the depreciation from the time of construction to the date in question.

5. INTEREST, § 20*—*when allowed to person advancing money.* Where, in an action of assumpsit by the erector and tenant of a building to recover the value thereof as of a certain date, plaintiff had tendered the improvements to the defendant on such date, and the money of the plaintiff had been advanced in the erection of the improvements for the use of the defendant, and defendant contended that the damages were unliquidated and that there had been no vexatious delay in payment, and that therefore plaintiff was not entitled to interest, *held* that under the circumstances and for the reason that the action was equitable in its nature, interest was properly allowed.

GOODWIN, J., dissenting.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed May 9, 1917. Rehearing denied May 24, 1917.

WILLIAM J. PRINGLE and EDWIN TERWILLIGER, JR., for appellant.

WINSTON, PAYNE, STRAWN & SHAW, for appellee; WALTER H. JACOBS, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The United States Brewing Company, a corporation, brought suit against Dolese & Shepard Company, a corporation, in the Municipal Court of Chicago, and

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same topic and section number.

obtained a judgment for $11,103.07, to reverse which defendant prosecutes this appeal.

The evidence disclosed that plaintiff is a corporation chartered to manufacture and sell beer, ale and porter, and carry on a general brewer's business; that the defendant is a corporation organized to quarry stone, and owns and operates quarries which are located in the country about fifteen miles from the business district of Chicago, not near any centers of population. In 1905, defendant employed at its quarries about one hundred or one hundred and fifty men who were housed in a boarding house erected by the defendant near its quarries. The building was old and out of repair, and it became necessary that a new and larger boarding house be erected, and the defendant thereupon employed an architect to prepare plans and specifications for such building. The defendant also prepared a contract with specifications and asked for and received bids from contractors on the proposed improvements. Shortly afterwards, and before any work was done on the building, defendant explained the location of defendant's quarry and the necessity for a new boarding house, and suggested that plaintiff, at its own expense, construct the boarding house on defendant's property, and use a part of the building as a saloon and thereby secure a market for its products. Afterwards a written lease was entered into between the parties substantially embodying defendant's proposition. The lease covered a period of about twenty-four years. It provided, among other things, that plaintiff would erect at its own expense, and maintain for the entire term, unless the lease was sooner terminated, the boarding house, at an estimated cost of $6,700; that if the building was damaged or destroyed by fire, plaintiff would rebuild and keep the same in good condition. The lease further provided that the defendant had the option at any time to cancel the

United States Brew. Co. v. Dolese & Shepard Co., 205 Ill. App. 478.

lease upon five days' notice in writing; that if such notice were given, appraisers should be appointed who should examine the premises, fixtures and contents of the building and arrive at a fair, just and reasonable valuation of the improvements, as of the time such examination was made; that upon the payment of the amount of the appraisal by defendant, plaintiff should surrender possession of the building, and it should thereafter belong to the defendant. There was a further provision that if the defendant elected to terminate the lease, within three years from the date, or if the district where the building was located should become prohibition or local option territory within such period, so that a saloon could not be operated in the building, ''then no such appraisement shall be made but said first party shall pay to said second party the cost price of the building and improvements on said premises, such cost price not to exceed, however, the sum of $10,000. Said second party shall deliver, immediately upon payment, all receipts or copies thereof for all expenditures which might be a part of the above mentioned cost price. And failure to so deliver any such receipts or copies shall preclude said second party from including the amounts of any such receipts in said cost price.''

In accordance with the provisions of the lease, the plaintiff constructed the improvements at its own expense, and thereafter the building was conducted as a boarding house and saloon. Within three years after the execution of the lease, at an election held April 7, 1908, the township of Lyons, within which the building was located, became prohibition or anti-saloon territory, and two days thereafter, plaintiff notified the defendant to that effect and demanded payment of $10,000, the cost price of the building and improvements, and offered to surrender the building upon such payment being made. Defendant asked plaintiff to

produce the vouchers showing the expenditures made in the construction of the improvements, and they were sent to the defendant. Defendant failed to make the payment and this suit was brought.

The declaration consisted of a special count on the lease, and the common counts. One of the defenses interposed was that the lease was *ultra vires* the plaintiff. The trial court sustained this contention, but held that plaintiff was entitled to recover the cost price under the common counts, and there was a judgment in favor of the plaintiff, from which the defendant prosecuted an appeal to this court, where the judgment of the Municipal Court was reversed, but the cause was not remanded (174 Ill. App. 394). A writ of certiorari was allowed by the Supreme Court, and the judgments of the Appellate and Municipal Courts were reversed and the cause remanded to the Municipal Court for a new trial (259 Ill. 274). The Supreme Court held that the lease or contract entered into between the parties was void, as it exceeded the charter powers of the plaintiff, but that plaintiff was entitled to recover the reasonable value of the building as of the time of the termination of the contract, May 7, 1908. Upon being redocketed in the Municipal Court, plaintiff withdrew the special count and the cause went to trial on the common counts. The trial was before the court without a jury, who found that the reasonable value of the building and improvements on May 7, 1908, was $8,250; that plaintiff was entitled to recover this sum, together with interest thereon at five per cent. per annum from that date.

Counsel for defendant have advanced numerous reasons why the judgment should be reversed, all of which we have carefully considered. All of the questions raised by the defendant, except one, are settled by the decision of the Supreme Court in this case, adversely to defendant's contentions, and of course are not open for further discussion or argument.

The Supreme Court held that plaintiff was entitled to recover the reasonable value of certain improvements as of May 7, 1908. Counsel for defendant, however, contend that on this question the trial court adopted a wrong method in arriving at such reasonable value. Defendant's position as stated by its counsel is: "If there can be any recovery at all, it is only for the enhanced value of the real estate due to the erection of the improvements thereon, on the theory that it has become a part of the real estate and title thereto has become vested in the defendant. All decisions uniformly hold that such recovery cannot be had by the erector of the improvements in an action brought by him, but that he is entitled to the enhanced value when suit is brought against him to deprive him of his possession of the real estate, and then the recovery is limited to the enhanced value." In support of this contention counsel cite, among other cases, *Williams v. Vanderbilt,* 145 Ill. 238, where it is said (p. 251):

"There was here no express contract between appellant and appellee, nor do we think there is any implied contract to pay for the repairs or improvements. As a general rule, improvements of a permanent character, made upon real estate and attached thereto, without the consent of the owner of the fee, by one having no title or interest, become a part of the realty and vest in the owner of the fee. (*Mathes v. Dobschuetz,* 72 Ill. 438.) In equity, where one makes improvements innocently, or through mistake, upon the land of another, he will not ordinarily be allowed to enforce a claim for reimbursement *as an actor;* but when the true owner seeks relief in equity, as, for instance, to set aside a sale of the land on which the improvements have been made, or to obtain an accounting for rents and profits, he may be required to make compensation for the improvements upon the principle that he who seeks equity must do equity. (*Ebelmesser v. Ebelmesser,* 99 Ill. 541; 3 Pom. Eq. Jur. sec. 1241 and

note.) Even in such case, compensation will only be allowed for the increased value caused by the improvements.''

Counsel's position, as stated by him, is undoubtedly the law, but manifestly has no application to the facts in the case at bar. His position is that where a person erects improvements on the land of another without the owner's consent he cannot maintain an action to recover for the improvements—he cannot become an actor. In the case at bar, the improvements were erected by plaintiff not without defendant's consent, but at defendant's special instance and request, and our Supreme Court in this very case has specifically held that plaintiff can maintain his action—can become an actor to recover the reasonable value of the improvements so made. It is clear, therefore, that defendant's contention that the reasonable value of the improvements is to be determined by the enhanced value of the real estate is not applicable to this case.

Witnesses testified on behalf of plaintiff to the value of the improvements and the cost thereof at the time they were made, and also the depreciation from the time of the construction to May 7, 1908, which testimony tended to establish the value of the building on the latter date. This, in our opinion is the proper method, under the facts in this case, of determining the reasonable value of the improvements. Substantially the same method was followed in the case of *Pullman's Palace Car Co. v. Central Transp. Co.*, 171 U. S. 138, cited by the Supreme Court in its opinion in this case.

The instant case is an action of assumpsit to recover the reasonable value of the improvements. Such an action is equitable in its nature, and lies whenever defendant has obtained money or property of the plaintiff, which, in equity and good conscience, he has no right to retain. *Trumbull v. Campbell*, 8 Ill. (3 Gilm.) 502; *Board Sup'rs Stephenson Co. v. Manny,*

56 Ill. 160; *Crawford v. Schmitz,* 139 Ill. 564; *Fay v. Slaughter,* 194 Ill. 157.

In the *Crawford* case, *supra,* it was held that the action of assumpsit was of an equitable nature, in which plaintiff may recover from the defendant what in equity and good conscience he ought not to retain; and in the *Fay* case, *supra* (p. 163), the court said:

"This is an action upon the common counts for money had and received. It is in the nature of an equitable proceeding at law. 'The principle governing in such case is, that the possession of money has been obtained which cannot conscientiously be withheld. Such an action is designed for the advancement of justice, and it is applicable where a person receives money which in equity and good conscience he ought to refund.'"

Applying the rule as announced by the Supreme Court to the facts in the case at bar, we find that the defendant found it necessary to construct a new and larger boarding house to house its men near its quarries; that it had employed an architect who prepared plans and specifications; that it solicited and received bids for the construction of the boarding house; that at its own instance and request plaintiff was induced to enter into the invalid contract, which the Supreme Court held was not *malum in se* nor *malum prohibitum,* but was only beyond the charter powers of plaintiff; that the boarding house was constructed and paid for without expense to the defendant. Under these circumstances every principle of equity and fair dealing requires that the defendant should pay the reasonable value thereof to the plaintiff, according to the method adopted by the trial court.

Defendant next contends that the court erred in allowing interest, on the ground that interest is never allowable except by statute; that the damages were unliquidated, and there was no unreasonable or vexatious delay in payment. Plaintiff tendered the improve-

ments to the defendant May 7, 1908; the reasonable value of them was fixed as of that date, and plaintiff having advanced the money for the use of the defendant, and this action being equitable in character, plaintiff was entitled to interest. *Leigh v. American Brake-Beam Co.,* 205 Ill. 147; *Brennan v. Gallagher,* 199 Ill. 207; *St. Patrick's Catholic Church of Sterling v. Daly,* 116 Ill. 76; *Cease v. Cockle,* 76 Ill. 484; *Perin v. Parker,* 126 Ill. 201.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*

MR. JUSTICE GOODWIN dissenting:

I am unable to concur in the conclusions reached by the majority of the court. As the building in question was put upon the premises by appellee under an *ultra vires* contract, it cannot resort to the terms of that contract in determining the amount which it is entitled to recover. It would seem to be clear that as the contract was *ultra vires* it must, so far as the matter of a recovery is concerned, be treated as a nullity. Appellant and appellee entered into an illegal agreement, the result of which was that on a certain day appellant came into possession of a building constructed by appellee. The Supreme Court has decided that in the circumstances appellant is obligated to pay appellee the value of the building; this, as the Supreme Court pointed out, does not necessarily mean its cost, since obviously the building, at the time it came into possession of appellant, might be entirely useless, or worth even more than its original cost. The Supreme Court, it seems to me, has placed appellant in the same situation as any party to an illegal contract, who has, under its terms, come in the possession of money or property for which the other party has received no compensation. In such a case, no resort can be had to the terms of the contract, but the

CHICAGO—FIRST DISTRICT—MAY, 1917. 487

United States Brew. Co. v. Dolese & Shepard Co., 205 Ill. App. 478.

party unjustly enriched must restore the money in the one case, or pay the reasonable value of the property in the other. The reasonable value of property, real or personal, is, of course, what it is worth when it is put to its highest and best use. Presumably, a building is worth most as an improvement to the real estate upon which it is placed, although this, of course, is subject to exceptions. Appellee offered evidence of the cost of the building less depreciation, while appellant offered proof of the extent to which they increased the value of the premises. Appellant's testimony, although uncontradicted, was disregarded, and a judgment entered for the cost of the improvement less depreciation, although there was no evidence that the property had any value except as an improvement to the realty upon which it was placed.

For the reasons already indicated, I am of the opinion that this action of the court was erroneous. I am also of the opinion that the recovery in this case is not for "money lent or advanced for the use of another," and that the case in no way comes within the terms of the statute in regard to interest, and that, in consequence, the inclusion of interest was also erroneous.