(No. 22111.— ▮▮▮▮▮▮▮▮

THE PEOPLE *ex rel.* J. Ward Smith, County Collector, Defendant in Error, *vs.* GRACE FLEMING *et al.* Plaintiffs in Error.

*Opinion filed December 22, 1933—Rehearing denied Feb. 9, 1934.*

JOHN H. ARMSTRONG, and BUTTERS & BUTTERS, for plaintiffs in error.

ELMER MOHAN, State's Attorney, (R. A. GREEN, of counsel,) for defendant in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is a writ of error to the county court of LaSalle county to review a judgment of that court overruling certain objections of the three tax-payers hereinafter mentioned, to the taxes for the year 1931 and the entering of a judgment and order of sale of the lands in question.

There is no objection raised as to preliminary proceedings nor as to the sufficiency of publication of notice, and although there are several errors assigned on the record, they are all embraced within one or the other of the two objections to the taxes filed by plaintiffs in error, which are in substance as follows: (1) That the tax was not extended on the assessed value of the lands as made by the township assessor but was extended upon an alleged increased assessed value of said lands, made by some person without notice to the owner of an intention to change, alter or modify the assessment as previously made by the township assessor; and (2) that the tax is not extended upon the assessed value of lands as made by the township assessor but was made upon an alleged increased assessment made by some person in a lump sum, without valu-

ing the lands separately as improved or unimproved lands, and by increasing the assessed value of both the land and improvements thercon as a single item, in a lump sum.

At the time of the quadrennial assessment of the real estate in LaSalle county in 1931, the assessors in Rutland, Brookfield and Wallace townships, and several other townships in LaSalle county, made a reduction of approximately thirty per cent from previous assessed values. It later appeared to the supervisor of assessments that there was some inequality among the townships of the county produced by this action, and he, without giving notice to anyone, and by some arbitrary mathematical rule of his own, increased the assessments in these particular townships. It is uncontroverted that the attempted increase in the assessed valuation made by the supervisor of assessments was illegal, the only question for consideration being whether the county court entered the proper orders in the case, conceding this illegality to exist.

It appears that a number of property owners filed objections to the application for judgment, and that the three objections hereinafter mentioned and passed upon were by stipulation selected for trial as representative of the different questions raised, and that the decision in this case upon the objections of these three tax-payers should be binding upon all of the objectors. These objections will be considered separately under the names of the owners of the respective tracts as to which the objections are urged.

What are referred to as "the Fleming objections" concern the taxes upon an eighty-acre tract in Rutland township owned by Grace Fleming. The full assessed value of land and improvements against this tract amounted to $6410. The supervisor of assessments, without notice, raised this assessed value to $7170 and the county clerk extended the tax on this increased valuation, the result being that the tax was increased $14.29 over what it would have been on the assessed value as returned by the local

assessor. Mrs. Fleming's tax bill was sent out payable in two installments of $67.47 each, and on February 29, 1932, she paid the first half of the total tax, and afterward deducted out of the second installment, when due, the entire amount of the illegal tax of $14.29. The trial court sustained her objection as to one-half of this sum of $14.29 and overruled it as to the other half, holding that the first half of the illegal tax had been voluntarily paid and could not be recovered. In this there was no error, as a voluntary payment of an illegal tax cannot be recovered. (*Stephenson County* v. *Manny,* 56 Ill. 160; *Walser* v. *Board of Education,* 160 id. 272; *Otis* v. *People,* 196 id. 542.) One may not do indirectly what he can not do directly. We can perceive no difference between the attempted indirect recovery by offsetting a sum previously paid voluntarily and an attempt to recover it directly, which would be in contravention of the rule announced in the foregoing cases.

The T. J. Dunn objections concern three tracts of land in Brookfield township, one of which was valued by the assessor, for land and improvements together, at the sum of $9750, another at $9900 and the third at $4410. The supervisor of assessments by an irregular procedure, as above indicated, increased these amounts to $10,950, $11,-540 and $5180, respectively. Thereafter, on August 28, 1931, the objector, Dunn, filed a written complaint with the board of review of LaSalle county, and upon such complaint the board of review reduced each of the three items as follows: The $10,950 item was reduced to $10,750, the $11,340 item was reduced to $10,450 and the $5180 item was reduced to $5000. It is argued by the objector that there is no legal evidence of the action of the board of review and that the board lacked jurisdiction.

Upon this point the objector relies upon the cases of *People* v. *Sheridan-Brompton Corp.* 331 Ill. 495, *People* v. *Schlitz Transfer Co.* 333 id. 333, *People* v. *Chicago,*

*Lake Shore and Eastern Railway Co.* 270 id. 477, and *Jarman* v. *Board of Review,* 345 id. 248. It is the substance of the holdings of these cases, and of other Illinois cases which might be cited, that assessments cannot be increased without giving the statutory notice required in the particular case being considered; that the giving of this notice is jurisdictional, and that a record of the board must be preserved showing the giving of the statutory notice. The question now before us is of a different kind. No question can be raised as to the jurisdiction of the board of review, and the record shows that jurisdiction was conferred upon it by the tax-payer making the complaint.

The court received in evidence certain complaints, made by the tax-payer, bearing rubber stamps which were shown to have been affixed by the clerk of the board, reciting the order of the board of review. These were objected to, but we consider it immaterial whether or not they were properly received in evidence, as it further appears from the record that the board of review did make the proper and necessary entries in the columns in the assessor's book reserved for that purpose. This is in accordance with paragraph 317 of the Revenue act, (Smith's Stat. 1933, p. 2423,) which provides, in substance, that the board of review is required to make the proper entries in the assessor's books conforming to such change in assessments as may be made by them and to attach the statutory affidavits to the books thus corrected. The affidavit is in due form in this case and is not questioned.

Inasmuch as this tax-payer has followed the remedy prescribed by law and the board of review has made the statutory entry of the changes in the proper column in the assessor's book, we can perceive no error in the judgment of the county court in overruling his objections. (*People* v. *Kimmel,* 323 Ill. 261.) The case of *Jarman* v. *Board of Review, supra,* and *Stone* v. *Board of Review,* 354 Ill. 286, apply to proceedings under sub-sections 2

and 3 of section 35 of the Revenue act of 1898, (Smith's Stat. 1931, p. 2426,) for the assessment of omitted property during prior years and making the tax thereon a claim against the estate of a decedent. These cases are not in point here.

The objections of Matthew Gahan question the correctness of the court's ruling in extending and applying his taxes upon the full value of all lands and improvements as shown by the assessor's books. It appears from the record that the assessor for Wallace township, in filling out the various columns in the assessor's book as to the lands of Gahan, correctly filled in the column indicating the number of acres in each tract, there being two unimproved and one improved tract of land; that he properly filled out the column headed "Full value of unimproved lands;" that in the column headed "Full value of improvements" he put in the full value of the improvements upon the tract which had improvements; that in the column headed "Full value of all lands and improvements" he filled out only the space opposite the improved farm, and in that space placed the total of his full value upon the land and his full value placed upon the improvements. Having thus fixed the full value of all lands and improvements in accordance with the statutory requirements, in the column headed "Assessed value for taxation of land and improvements" he in each case put down one-third of the full value previously fixed by him. It is claimed by the objector that the county clerk had no authority to extend any tax except one based upon the column headed "Assessed value for taxation of lands and improvements," notwithstanding the fact that this assessed value was not set down in accordance with the requirements of the statute hereinafter quoted. It is claimed by the objector that the tax should be abated to a sum equivalent to the result produced by multiplying the rate by the amount in the column headed "Assessed value."

The constitution of 1870 provides for taxation through the levying of a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property, such value to be ascertained by some person or persons to be elected or appointed in such manner as the General Assembly shall direct, and not other-.wise. The Revenue act of 1898 first provided that the assessor should determine the full value of the property and set it down in a column provided therefor. After setting down the full value he was required to proceed further and set down a fifth part thereof in another column headed "Assessed value." The act was amended first in 1909, increasing the assessed value to one-third of the full value. (Laws of 1909, p. 308.) In 1919 it was again amended, increasing the assessed value to one-half of the full value. (Laws of 1919, p. 727.) Eight years later, in 1927, the assessed value was again raised by amendment to equal the full value. (Laws of 1927, p. 713.) The law as it now stands after these various amendments is as follows: "Real property shall be valued at its fair cash value, estimated at the price it would bring at a fair voluntary sale in the course of trade, which shall be set down in one column to be headed 'Full value,' and said full value shall be set down in another column, which shall be headed 'Assessed value'." This court has held that the legislature has the power to change the basis of valuation as was done by these various amendments. (*People* v. *Board of Review,* 290 Ill. 467.) Certain language in *People* v. *Cesar,* 349 Ill. 372, which is urged as authority to the contrary, was not necessary to the decision of that case and is not controlling in this case.

Section 191 of the Revenue act (Cahill's Stat. 1933, p. 2337,) provides, in part, as follows: "In all judicial proceedings of any kind, for the collection of taxes and special assessments, all amendments may be made which, by law, could be made in any personal action pending in such court, and no assessment of property or charge for

any of said taxes shall be considered illegal on account of any irregularity in the tax lists or assessment rolls, or on account of the assessment rolls or tax lists not having been made, completed or returned within the time required by law, or on account of the property having been charged or listed in the assessment or tax list without name, or in any other name than that of the rightful owner; and no error or informality in the proceedings of any of the officers connected with the assessment, levying or collection of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof; and any irregularity or informality in the assessment rolls or tax lists, or in any of the proceedings connected with the assessment or levy of such taxes, or any omission or defective act of any other officer or officers connected with the assessment or levying of such taxes, may be, in the discretion of the court, corrected, supplied and made to conform to law by the court, or by the person (in the presence of the court) from whose neglect or default the same was occasioned."

Applying the foregoing statutory rule to the case at bar, the carelessness of the assessor in not performing his legal duty to set down the full value as the assessed value cannot be held to defeat the collection of the tax. It became merely the ministerial duty of the county clerk to determine the correct and just amount of the tax by a simple calculation based upon the full value found by the assessor. In doing this he was neither making nor altering an assessment made by the properly constituted authority, and what he did in no manner affected the substantial justice of the tax imposed.

Finding no error in the record of the county court presented to us for review, the judgment of that court is affirmed.                    *Judgment affirmed.*