(No. 26531.—)

THE PEOPLE *ex rel.* Emery Thornell, County Collector, Appellee, *vs.* WABASH RAILWAY COMPANY *et al.* Appellants.

*Opinion filed March 17, 1942—Rehearing denied May 13, 1942.*

N. S. BROWN, L. H. STRASSER, HAROLD F. LINDLEY, THOMAS W. SAMUELS, and CHARLES C. LEFORGEE, for appellants.

IVAN J. HUTCHENS, State's Attorney, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

Wabash Railway Company appeals from the judgment of the county court of Macon county overruling certain objections to taxes extended against its property. The facts were stipulated.

The Illinois Tax Commission found the full value of the property of Wabash Railway Company in Macon county for the year 1939 to be $5,415,665. The commission then applied the equalization factor or assessment ratio of 39% and certified the assessed value of the property at $2,112,109. The commission further found that the average assessment ratio used throughout the State for 1939 was 35%. This figure was obtained by averaging the assessment ratio of all the counties of the State. The total tax extended by the county collector against the property of appellants on the basis of this assessed valuation was $93,027.51.

On May 28, 1941, appellants paid to the county collector the sum of $44,933.80, which represented their voluntary payment of the first installment of 1939 taxes, as charged in the railroad tax book of Macon county. On this date appellants protested three items which amounted to $3,159.91, and paid 75% of the amount extended on these items for the full year under protest. This protest did not set forth that the property of appellants was not properly equalized.

In June, 1940, this court ruled in *Mobile and Ohio Railroad Co.* v. *Tax Commission,* 374 Ill. 75, that railroad property must be equalized on the basis of the State as a taxing body, and that for the year 1939 such property should be equalized at 35% of the full value.

The second installment of taxes became due on September 1, 1940, and on August 15, 1940, the appellants filed with the county collector an additional and supplemental protest against taxes assessed in Macon county for the year 1939. This same written protest was filed with the payment under protest of the second installment of

taxes made on August 22, 1940. The formal receipt for this payment was issued by the county collector, and within the proper time the appellants filed objections to the application of the county collector for judgment.

The first objection alleged that the Illinois Tax Commission, in assessing the property of appellants, intentionally, wilfully and fraudulently equalized the assessment at .39% of the actual full market value thereof as found by the State Tax Commission, although at the time of making this assessment the Tax Commission had full knowledge that property in general throughout the State for the year 1939 was assessed at a general average of not more than 35% of the full market value thereof. Appellants maintain in this objection that there resulted a discrimination against them in violation of section 1 of article IX of the constitution of the State of Illinois. The objection also sets forth that the tax of $93,027.51 was therefore void and illegal.

In an alternative objection the appellants alleged the same excessive, arbitrary, illegal, fraudulent and void determination of the equalized assessed value of appellants' property; and, further, if the first objection was overruled, that the court should sustain the alternative objection to the excessive tax arrived at by using the equalization ratio of 39% instead of 35%. In this alternative objection appellants set forth that the collector, using the equalizing factor of 39%, arrived at a tax of $93,027.51; and that if he had used an equalization factor of 35% the tax would be $78,904.70; that appellants would then be entitled to a refund of the difference, that is, $14,122.81.

The county court overruled the objection of appellants wherein they sought the refund of the entire tax of $93,027.41, and also overruled the alternative objection asking a refund of that portion of the tax extended by reason of the disputed rate of 4% as to the first installment of the tax. The court sustained the alternative objection of appellants as to the second installment where payment under protest was made, and granted a refund

to appellants of the portion of the tax resulting from the use of the equalization rate in excess of 35%.

The appellants contend that railroad property should be assessed by the Tax Commission as a unit under the Railroad Assessment act, equalizing assessments by using State-wide averages of the percentage used by local assessment officers. This was established in *Mobile and Ohio Railroad Co.* v. *Tax Commission, supra,* and is the correct rule. The appellants maintain that the additional or supplemental protest filed on August 15, 1940, was sufficient to sustain their objection to the entire illegal tax. In support of this they argue that when a second installment is unpaid and not delinquent, a taxpayer may protest the whole amount of any illegal tax. Appellants further maintain that where the reason for the objection was not known when the first installment was paid, the taxpayer may legally protest the illegal tax when paying the second installment.

We have held on several occasions that a voluntary payment of illegal taxes cannot be recovered. (*People ex rel. Smith* v. *Fleming,* 355 Ill. 91; *East Ohio Street Hotel Corp.* v. *Lindheimer,* 368 id. 294.) In this case the appellants did not appeal from the determination of value of their property made by the Tax Commission, nor object to the equalization factor applied by that body to said property. On May 28, 1940, they made a voluntary payment of the first installment and did not make any protest as to amount, nor did they set forth in any protest an objection that their property was not properly equalized. The receipt obtained by the appellants from the county collector showed that the payment of the first installment was a voluntary one, and when objections were filed in the county court the appellants did not attach this receipt to their formal objection. In the case of *LeFevre* v. *County of Lee,* 353 Ill. 30, this court said: "It is conceded by both parties to this lawsuit that the general rule is that taxes paid voluntarily and not under duress cannot be recovered by the taxpayer, even though the tax be illegal."

458

The appellants did file an additional and supplemental protest at the time of payment of the second installment, but inasmuch as a voluntary payment of the first installment had already been made and no protest was made at the time to the improper equalization of appellant's property, the objection was properly overruled.

Appellants also argue that when taxing authorities deliberately and wilfully assess taxes on property far in excess of taxes on like property similarly taxed, such conduct amounts to constructive fraud; that therefore the court should intervene to protect the taxpayer. This contention might have been valid if appellants had not made a voluntary payment and had protested the unequal assessment. This procedure was not followed, and since the appellants did not in apt time object to the Tax Commission's 1939 assessment, the objection cannot now be considered.

The judgment of the county court is affirmed.

*Judgment affirmed.*